Sewall, C. J.,
delivered the opinion of the Court.
The record brought before us upon this writ of error is of a plea of the case, in which Haskell is plaintiff against Walker. In the action Walker is charged with a neglect of duty as a deputy sheriff in the county of Oxford. Haskell * avers [ * 180 ] a judgment recovered against Jeremiah Glidden, and an execution sued out thereon, which was intrusted with Walker to be served; but which he neglected to serve, although he might have arrested Glidden when in his presence, &c. The general issue of not guilty, pleaded and joined in this action, was tried in the Circuit Court of Common Pleas, where the jury returned a verdict for the plaintiff, with full damages, to the amount of the debt and costs. A bill of exceptions, in which certain opinions and directions of the Court, upon the evidence produced at the trial, are stated, makes a part of this record; and by the assignment, the errors in the proceedings complained of by the defendant in the original suit, now plaintiff in error, are supposed to be in the opinions and directions to the jury, which governed them in the finding of their verdict for the plaintiff.
The questions made at the trial, according to the tenor of the evidence and of the directions to the jury, as stated in the bill of exceptions, were, first, of the liability of the defendant; and, secondly, of the amount of damages, supposing him liable.
It is unnecessary, and would be improper, to examine the merits of this controversy, as to the possible result for either party, upon the evidence exhibited in the bill of exceptions; because we are satisfied that the judgment of the Circuit Court of Common Pleas must be reversed, and the consequence may be a trial of the action at the bar of this Court.
The testimony of C. Holland gives rise to an inquiry, which was not suggested to the jury, and from which, indeed, they were concluded by the express direction of the Court. Holland testified that he heard Haskell declare his wish to be that Walker should do the best he could with the execution, and rely upon it; that no advantage should be taken of him ; and that Holland stated to Walkei this declaration of Haskell at his particular request. ■ There was, then, some evidence for the consideration of the jury to show that the neglect of Walker to arrest Glidden was not injurious to #the plaintiff, but consistent with the discretion [ * 181 ] permitted to the officer of doing the best he could.
The arrest of Glidden upon the execution, when he had been arrested upon the original process when the action was commenced, and had been discharged upon bail, was certainly not necessary for the security or advantage of the creditor; as the consequence of *170 not arresting him was a more efficient remedy for the plaintiff upon his bail bond. The arrest, if it had been made, must have been rather for the benefit of Holland, the surety in the bail bond, than of the plaintiff; and accordingly Holland, represents himself as very desirous to have Glidden arrested.
Upon the question of damages, there are many circumstances in the evidence which deserved the attention of the jury, from the consideration of which also they were prevented by the particular directions and the very conclusive opinions expressed by the Court.
The judgment is reversed, and the plaintiff and defendant are, either of them, entitled-to a rule upon the other party, to have a jury impanelled for the trial of the action at the bar of this Court, which will be made absolute, unless cause to the contrary be shown, &c. (a)

 Waterhouse vs. Wait, post, 207.