NEW YORK,
October, 1814.

MINTON
v
WOODWORTH.

---

MINTON, *qui tam*, &c. *against* WOODWORTH AND FERRIS.

In debt, where a deed is inducement to, and matter of fact, the foundation of the action, *nil debet* may be pleaded.

*Aliter,* where the deed is the foundation of the action.

In debt for an *escape* from the gaol liberties, *nil debet* is a good plea.

In a *popular* action, the plaintiff cannot discharge the judgment as to the people's moiety, without payment. And if, in such action, the defendant, having been taken in execution, is discharged by the plaintiff, without satisfaction, such discharge is no bar to an action for an *escape.*

THIS was an action of *debt,* brought by the plaintiff, who sued as well, &c. as assignee of the late sheriff of *Cayuga,* on a bond for the gaol liberties, executed by *Woodworth* and *Ferris,* as his security.

The declaration stated that the plaintiff had, in a *qui tam* action, in the supreme court, recovered a judgment against the defendant, *Woodworth,* for two hundred and fifty dollars; that in *August,* 1811, he issued a *ca. sa.,* on which the defendant was taken, and that he and the defendant, *Ferris,* executed a bond to the sheriff for the liberties of the gaol; that on the 1st of *September,* 1812, *Woodworth* escaped, and that on the 18th of *September,* in the same year, the bond was duly assigned to the plaintiff, who brought the present action, as well on behalf of the people, &c. as of himself.

The defendants, after *oyer* of the condition of the bond, pleaded five pleas:

1. *Nil debet.*

2. That the plaintiff, on the 23d of *December,* 1811, discharged *Woodworth* from his imprisonment, and suffered and permitted him to go at large without the limits, &c.

3. After stating and admitting the allegations contained in the declaration, as to the judgment, *ca. sa.,* and execution of the bond to the sheriff; that, while *Woodworth* remained a true

and faithful prisoner, on the 23d of *December*, 1811, the <span class="margin">NEW YORK,</span>
plaintiff discharged *Woodworth*, and suffered and permitted <span class="margin">October, 1814.</span>
him to go at large without the limits, &c. which is the same <span class="margin">MINTON</span>
escape, &c. <span class="margin">v.<br>WOODWORTH.</span>

4. That *Woodworth* did commit the *escape*, and go at large without the limits, by the leave and license of the plaintiff, on the 23d of *December*, 1811.

5. That after executing the bond to the sheriff, on the 23d of *December*, 1811, the defendant *Woodworth* paid to the plaintiff the sum of 250 dollars, being the full amount of the debt recovered by the judgment.

To the four first pleas the plaintiff demurred, and the defendant joined in demurrer; to the 5th plea the plaintiff replied, and tendered an issue.

*Richardson*, in support of the demurrer. 1. *Nil debet* is not a good plea where the action is founded on a record or specialty, as in an action by the assignee of the sheriff, upon a bail bond.*

2. The other pleas are, also, bad; for a plaintiff in a *qui tam* or popular action, cannot compound with, or discharge the defendant, without the order or consent of the court;† and, after verdict, the court will not give leave to compound, unless under very special circumstances.‡

<div class="margin">
* 1 Saund. 38.<br>
n. 3. 2 Ld.<br>
Raym. 1503. 2<br>
Str. 780. 5<br>
Burr. 258. 6.<br>
<br>
† Bradway v.<br>
Lenworthy, 9<br>
Johns.Rep.251.<br>
1 N. R. L.101.<br>
(Sess. 11. c. 9<br>
s. 3.) Caswell<br>
v. Allen, 10<br>
Johns.Rep.118.<br>
‡ 1 Bos. &<br>
Pull. 18. 5<br>
Term Rep. 258.<br>
1 Wils. 79.
</div>

*Sedgwick*, contra. 1. Where the bond or specialty is not of the essence of the action, but only *inducement* to it, there *nil debet* is a good plea. Now here, the *escape* is the foundation of the action, and the bond taken is only inducement.§

2. This is not a *popular* action. The plaintiff is not a common informer. The statute, therefore, does not apply to this case. In the case of *Crowder* v. *Wagstaff*,‖ there was a verdict. But *compounding* of an action can only be before verdict.

<div class="margin">
§ 1 Chitty's<br>
Pl. 447. 1 Ld.<br>
Raym. 1500. 1<br>
saund. 176. n.<br>
1. 2.<br>
‖ 1 Bos. &<br>
Pull. 18.
</div>

THOMPSON, Ch. J. delivered the opinion of the court. This case comes before the court on a general demurrer to the four first pleas. The action is debt upon a bond for the gaol liberties, for the defendant, *Woodworth*. The first plea is *nil debet*, and the three following pleas, which are substantially alike, allege

NEW YORK, that the plaintiff discharged the prisoner, and that the escape
October, 1814. was by his consent, order, or direction.

MINTON        The demurrer to the first plea is not well taken.    The gene-
v.       ral rule is, that where in debt on a specialty, the deed is only
WOODWORTH. inducement to the action, and matter of fact the foundation, *nil
debet* may be pleaded.    But where the deed is the foundation
of the action, although extrinsic facts are mixed with it, *nil
debet* is not a good plea, (1 *Chitty's Plead.* 476, 477.   2 *Saund.*
287. *a. n.* 2.)    The present action falls within the first class of
cases.    The specialty is but inducement, and the escape is the
foundation of the action.    (8 *Johns. Rep.* 82.)

But the three next pleas cannot be supported according to the
decisions of this court, in the cases of *Bradway, qui tam,* v. *Le-
worthy,* (9 *Johns. Rep.* 251.) and *Caswell, qui tam,* v. *Allen.* (10
*Johns. Rep.* 118.)    In these popular actions, the plaintiff has no
right to discharge the judgment, or compound with the defend-
ant, without the leave of the court, or without receiving pay-
ment of the judgment.    The defendant being in custody upon
a *ca. sa.* the discharge by the plaintiff, as set forth in the pleas,
was equivalent to a release or discharge of the judgment; and,
in a mere private action, would be a complete exoneration of
the defendant from the debt.    But in actions of this description,
such discharge, so far as it relates to the moiety of the penalty
belonging to the people, is void, and cannot excuse the escape.
In the case of *Crowder* v. *Wagstaff,* (1 *Bos. & Pull.* 18.) on mo-
tion to compound a *qui tam* action, after verdict, it was stated to
the court that the plaintiff consented to the compounding.    But
the court said, we cannot pay any attention to the consent of
the plaintiff, after verdict.    So, in this case, the consent of the
plaintiff to the escape was void, and can avail nothing.    There
must, accordingly, be judgment for the defendant upon the de-
murrer to the first plea, and for the plaintiff on the demurrer to
the other three pleas.

Judgment accordingly.