Lamborn v. Bowen, Scott, Blanchard and Thompson. as making the father a party with the son in all the covenant. The conclusion here is, "In witness whereof, the parties to this indenture have hereunto set their hands and seals;" so that, the case of Mead vs. Billings, can have but little weight in the decision of this cause. We have seen, that here is no express covenant on the part of John Criss, that his son should serve as an apprentice; and to make a covenant in law, there must be words of express or implied agreement. Signing and sealing, does not, of itself, make a covenant; it is but evidence of the consent of the party to be bound by whatever stipulation he may have made in the body of the deed: it evidences here, the consent of the father to the act of the son, and nothing more. The case of Ackley vs. Hoskins, 14 Johns. 374, and the case of Blunt vs. Melcher, 2d Mass. Rep. 288, are similar to the case before us. In those cases an indenture like this, received the construction we give to this. It seems plain, indeed, that no other construction can be put upon the deed, unless we wrest it to an intent totally different from the one meant by the parties. *Judgment for the defendant for costs.*

---

# LAMBORN vs. BOWEN, SCOTT, BLANCHARD AND THOMPSON.

---

DEBT, ON A BOND CONDITIONED FOR BOWEN'S REMAINING WITHIN THE PRISON BOUNDS, FOR HIS ESCAPE.

In debt, on a bond given under the provisions of the "act regulating prison bounds," it is not necessary to aver, in the declaration, that the sureties were approved of by two judges of the court of Common Pleas or two justices of the peace.

Nil debit is a good plea to such action.

This was an action of debt, for an escape of the def't Bowen, from the prison bounds, brought against him and his sureties, on a bond given by them, and conditioned that the said Bowen should remain and continue in the custody of the jailor of said county, within the limits laid off and assigned to said prison, until legally discharged. The defendants pleaded nil debit, and the plaintiff demurred generally to the plea. BLOCKSOM for the plaintiff, cited 1st Chitty, 478. GOOD-ENOW, LAIRD and WRIGHT, for defendants, cited 1 Chitty 476, and

insisted that the declaration was materially defective, in not stating that the securities in the bond were approved of by two judges of the Court of Common Pleas or two justices of the Peace.

COLUMBIANA.<br>August, 1819.<br><br>Cutler<br><i>v.</i><br>Brinker.

PRESIDENT.—A prisoner is not entitled to be discharged from close custody, until he has given a bond, with two or more sureties, such as two judges or two justices shall approve of. If the Sheriff liberates a prisoner, without the sureties being so approved of, he would be liable for an escape; whether such approval should be endorsed on the bond, or be evidenced by some other and separate writing, or by parol, it is clearly no part of the bond, and therefore it is unnecessary, in declaring on the bond, to aver it. In debt on a specialty, this distinction is laid down by Chitty; where the deed is the foundation of the action and matter of fact only inducement, *nil debit* is an improper plea; but where the deed is only inducement and matter of fact, the foundation of it, *nil debit*, is a proper plea. This case is of the latter description. The escape is the foundation of the action. In the cases of Minton vs. Woodworth and Ferris, 11 Johns. 474, the same question arose and received the same decision. Judgment for the defendants on the demurrer.