*UTICA,*
*Aug. 1828.*

Brown
v
Genung.

---

BROWN, sheriff of Yates, *vs.* GENUNG.

ERROR from the Yates common pleas. Genung brought an action of *debt* against Brown, sheriff of Yates, before a justice of the peace for the escape of a debtor from the limits of the jail, who had been committed on a justice's execution, and recovered judgment. The defendant appealed to the common pleas, where the plaintiff again recovered judgment, upon which a writ of error was sued out to this court. The plaintiff in error assigned a variety of errors, two of which only are noticed by the court, viz. that there was no *venire* issued or filed in the common pleas ; and that an action of *debt* will not lie against a sheriff for the escape of a prisoner committed on an execution on a justice's judgment. Diminution of record was alleged, a certiorari issued, and the fact returned that there was no venire on file. The cause was submitted on written arguments.

*J. A. Spencer,* for plaintiff in error. Though the statute of *jeofails* might cure a defective venire, a wrong direction, or the want of an award of venire, it will not cure the want of the process itself. (3 *Caines,* 151.) This objection might

An action of *debt* for an escape against a sheriff, lies only where the escape is from imprisonment on an execution issued from a court of record.

A justice's court is not a court of record.

For an escape from imprisonment on a justice's execution, the remedy is *case.*

Whether the omission to issue a venire in a civil case is not within the spirit and policy of the statute of jeofails, *quere.*

have been obviated by an application to the court below, who would have permitted the filing of a venire *nunc pro tunc* on payment of costs. (1 *Caines,* 584.) But it is now too late.

The action of *debt* against the sheriff, for the escape of a prisoner, is a statute remedy, and is limited to cases where the debtor is confined on execution issuing from a *court of record.* (1 *R. L,* 425.) The plaintiff in this case, therefore, is entitled only to his common law remedies, which are *assumpsit* when the money is collected, and *case* when it is lost by the negligence of the sheriff. (15 *Johns. R.* 255. 6 *Johns. R.* 270.) The statute prescribing the duty of sheriffs in reference to debtors committed on justices' executions, (*Statutes, vol. 6, c.* 288, *passed* 12th *April,* 1824,) gives no penalty for neglect of duty.

The case in 9 *Johns. R.* 369, should not be considered as settling the law of this case. It was there holden, it is true, that a justice of the peace had jurisdiction of an action for an escape ; but the question presented here was not discussed by counsel or adjudged by the court.

It is admitted, that it does not expressly appear that the person who escaped was committed on a justice's execution ; it is, however, plainly inferrible. But if not so, the judgment is erroneous, because it does not *affirmatively* appear that the execution issued from a court of record. This objection is available on demurrer, in arrest, or on writ of error.

*T. J. Nevins,* for defendant, relied upon the statute of jeofails, the decision of this court in *Jennings* v. *Webster,* (7 *Cowen,* 256,) and the general provisions of the act for the better and more speedy recovery of debts of the value of fifty dollars, (*Statutes, vol. 6, c.* 288, *sec.* 38,) for the support of the judgment.

*By the Court,* SUTHERLAND, J. This was an action of debt against the sheriff of Yates county, for the escape of one Randall from the limits, when committed (as is alleged) upon a justice's execution. The plaintiff below recovered, and the sheriff appealed to the court of common pleas, where the plaintiff again recovered ; and from that court it is now brought here by writ of error.

Two errors are assigned : 1. That there was no venire issued or filed in this cause ; 2. That an action of debt will not lie against a sheriff for an escape of a prisoner committed upon a justice's execution.

I. *As to the venire,* the fact that there was no venire filed in the cause, is established by the return made by the court below to a certiorari issued in the cause.    There is a regular award of a venire upon the record, and the question is, whether the omission to issue it, is ground for reversing the judgment.

In *Livingston* v. *Rogers,* (1 *Caines,* 583,) it was held that *the want of an award of venire* upon the record, was ground for arresting the judgment.    In *The People* v. *McKay,* (18 *Johns. R.* 212,) the prisoner had been convicted of murder without a venire having been returned and filed ; the paper purporting to be a venire not having been sealed.    It was held to be error, and the judgment was arrested.    It was conceded in that case, that since our statute for regulating trials of issues, and for returning able and sufficient jurors, (1 *R. L.* 328,) there seemed to be very little use in the venire.    But still, *as at common law,* the sheriff could not summon a jury without a venire, and as upon a fair construction of our statute upon the subject, (1 *R. L.* 328 *&* 339, *sect.* 16,) it did not appear to be the intention of the legislature to supersede the use of it, the court held, that in a criminal case like that before them, affecting life, they were not authorized to dispense with it, and accordingly arrested the judgment.    But if the venire is a mere matter of form, is not the omission to issue it in a civil case within the spirit and policy of the statute of jeofails, and cured by it ?

II. Will an action of debt lie in such a case ?    It is contended that, at common law, the only remedy where there was an escape was by an action on the case, where the measure of damages is open to the investigation of the jury ; whereas in an action of debt, the whole judgment is to be recovered or nothing.    (*Thomas* v. *Weed,* 14 *Johns. R.* 255.    *Van Slyck* v. *Hogeboom,* 6 *Johns. R.* 270.)    The action of debt against the sheriff for an escape, is given by the 19th section of the act concerning sheriffs, &c. (1 *R. L.*

425. That section provides, "that every person who shall be arrested by virtue of any writ of execution to be issued from any court of record against his or her body, &c. shall be safely kept in prison until such person shall satisfy such debt or damages; and if any sheriff shall permit *any such person so arrested or committed,* to go out of prison or be at large, he shall thereby become answerable to such plaintiff or party for the debt or damages, for which such person was arrested or committed, and the plaintiff or party may recover the same with costs, by action of debt against such sheriff." The phraseology of the section is very explicit; it gives the action of debt, only whese the escape is from imprisonment *on an execution issued from a court of record.* This remedy is in the nature of a penalty against the sheriff for negligence, as the action of debt given by the 13th section of the $25 act, against a constable for not levying an execution, (1 *R. L.* 395,) was held to be, in *Thomas* v. *Weed,* (14 *Johns. R.* 255,) and it was there held that the remedy was not to be extended beyond the letter of the statute.

The act making it the duty of the sheriff to keep defendants committed upon justices' executions, prescribes no penalty for a violation of such duty; it therefore leaves the party injured to his common law remedy by an action on the case, where he will recover what he has actually lost, and no more. In *Jansen, late sheriff,* v. *Stoutenbergh and Teller,* (9 *Johns. Rep.* 369,) it was held that an action of debt for an escape against a sheriff, was cognizable in a justice's court. It appears from the report of that case, that the escape was from a commitment upon a justice's execution; but the point was not raised by the counsel or adverted to by the court. The action, therefore, cannot be considered as sanctioned by it. A justice's court is not a court of record.

I am therefore of opinion, that on this ground the judgment below ought to be reversed.