*Hartford,*
June, 1831.

### HOLCOMB *against* CORNISH.

Holcomb,
*v.*
Cornish.

| 8 | 375 |
| 64 | 493 |
| 8 | 375 |
| 75 | 351 |
| 8 | 375 |
| 177 | 139 |
| 77 | 141 |

A justice of the peace, having plain view and personal knowledge of the offence of profane cursing, may arrest and convict the offender, without previous complaint or warrant.

Any words importing an imprecation of future divine vengeance, may constitute profane cursing within the statute.

Where such words are uttered in the presence of a justice of the peace, he has jurisdiction both of the person and the offence; and his sentence thereupon, though erroneous, is not void.

Several distinct offences of profane cursing, may be committed, by the same offender, in relation to the same person, on the same day. Several distinct convictions, for such offences, which are otherwise regular, are not, therefore, void.

The record of conviction, by a justice of the peace, in a case within his jurisdiction, shewing that the offender was present when the judgment was rendered, is conclusive evidence of that fact.

A judge or justice is not answerable, in a civil suit, for a judgment, howsoever erroneous, rendered by him, in his judicial capacity, provided he had jurisdiction.

THIS was an action of trespass for assault and battery, and false imprisonment, and the extortion of money thereby from the defendant.

The defendant pleaded the general issue, and gave notice that he should justify under certain convictions of the plaintiff, before the defendant, as a justice of the peace.

On the trial, at an adjourned term in *Hartford*, in *May* 1831, before *Daggett*, J., the plaintiff having, as he claimed, proved the facts alleged in the declaration, the defendant introduced the records of five several summary convictions of the plaintiff, for profane swearing and cursing; claiming that the facts proved by the plaintiff were the same that took place under such convictions, and were justified thereby. Of one of these convictions the record was as follows:

"*Hartford* county, ss. *Simsbury, October* 22nd, 1829.

" Be it remembered, that at a justice's court, holden at said *Simsbury,* on this 22nd day of *October,* 1829, *Amasa Holcomb* jun. of said *Simsbury,* is brought before me, *James Cornish,* Esq., a justice of the peace within and for said county of *Hartford,* holding said court; having caused said *Holcomb* to be brought before me; for that he, the said *Holcomb,* at said *Simsbury,* on the 22nd day of *October* 1829, in my presence and hearing, did sinfully and wickedly curse me, in the following words, *viz. Damn you to hell;* and the said *Holcomb,* in

said court, being required to make answer thereto, refuses to make answer; and therefore, I, the said justice *Cornish,* do, from my personal view and knowledge, find the said *Holcomb* guilty of the crime of sinfully and wickedly cursing me, the said *James Cornish,* as aforesaid ; and thereupon it is considered, by said court, and judgment is rendered, that said *Holcomb* pay a fine of one dollar to the treasury of said town of *Simsbury,* and stand committed until this judgment be complied with." The other four convictions varied from this only as to the words found to have been uttered by *Holcomb,* the present plaintiff. In one instance, the words were :—" *You are a God damned old rascal.*" In another: " *You are a damned old rascal to hell.*" In another : " *You have given a God damned judgment against me, and did it designedly ; and you are a damned old rascal for doing it.*" And in another : " *You are a damned old rascal.*"

The defendant, under the notice given, also introduced evidence to prove, that at the time of the alleged trespass, he was a justice of the peace for the county of *Hartford,* residing in the town of *Simsbury ;* that the plaintiff was then and there guilty of five distinct and separate acts of wickedly cursing the defendant, in the hearing and presence of the defendant, of which acts the defendant had plain view and personal knowledge ; that the defendant thereupon ordered the plaintiff into the custody of keepers, until the defendant could hold a justice's court for the trial of the plaintiff and the plaintiff should be ready to be tried, for such offences ; that after the plaintiff had been held in custody, for these purposes, about one hour, he was brought before the defendant, as a justice of the peace, and was duly arraigned for one of said offences, and informed of the crime charged against him ; that the plaintiff producing no evidence in his behalf, the defendant found him *guilty,* and rendered judgment that he should pay a fine of one dollar to the town treasury, and stand committed until the judgment should be complied with ; that the plaintiff then paid the fine, and was immediately discharged. The defendant further adduced evidence to prove the same facts and proceedings in relation to each of the four other offences before mentioned ; and that such facts and proceedings alone constituted the trespass and extortion of money alleged in the declaration.

The plaintiff insisted, that the convictions were void, and did not authorize the proceedings on the part of the defendant.

He also contested the facts, which the plaintiff had attempted to prove under the notice.

The judge committed the cause to the jury, instructing them, that the convictions were not void; and if they should find the facts alleged in the notice to be proved, the plaintiff could not recover; for the records excluded parol proof relative to the matters, which they purported to establish.

The jury returned a verdict for the defendant; and the plaintiff moved for a new trial, for a mis-direction.

*Hartford,*
*June, 1831.*

Holcomb
*v.*
Cornish.

*Toucey* and *E. Smith*, in support of the motion, contended, 1. That the arrest and detention of *Holcomb*, without warrant, were unlawful. By the principles of the common law, as well as by the express terms of our state constitution, no person can be arrested or detained, except in cases clearly warranted by law. The power of a justice of the peace to arrest and detain a citizen, without complaint or warrant against him, is surely not given by the common law. Has this power been given by statute? It is to be observed, in the first place, that a statute in derogation of the common law and of personal liberty, must receive a *strict* construction; and he who justifies under it, must be within both the letter and the spirit of it. Secondly, the statute providing for the summary conviction of persons guilty of profane swearing and cursing does not *expressly* give the power in question. *Stat.* 172. *tit.* 22. *s.* 102. Thirdly, the provision that the justice shall *first cause such persons to come before him*, so far from dispensing with process, requires, implicitly, the ordinary means. Fourthly, the provision that in all other cases, there shall be both complaint and warrant, does not even *imply*, that in this case there need be neither.

2. That the convictions (four of them at least) are void upon the face of them, being *coram non judice*, and need not be quashed or reversed. They are for words, which neither imprecate any evil nor import an oath, and are, therefore, not within the statute, and the justice had no authority to found a conviction upon them. *Moult* v. *Jennings*, cited *Cowp.* 642. *Cole's* case, Sir *W. Jones* 170. *Groome* v. *Forrister*, 5 *Mau. & Selw.* 314.

3. That the five convictions are for one offence; and therefore, the justice exceeded his jurisdiction. *Crepps* v. *Durden & al. Cowp.* 640. *State* v. *Benham*, 7 *Conn. Rep.* 414.

4. That the charge was incorrect as to the conclusiveness of the record.   The party may shew, in a collateral action, that he was not brought before the justice, and that the justice had not jurisdiction of the person.   *Bigelow v. Stearns*, 19 *Johns. Rep.* 39.  *Latham* v. *Edgerton*, 9 *Cowen* 227.  *Aldrich* v. *Kinney*, 4 *Conn. Rep.* 380.

*Phelps* and *J. Griswold*, contra, insisted, 1. That the records in question were valid upon the face of them ; and were, therefore, correctly admitted in evidence.   In the first place, the judgments are entered up with legal and technical formality. 2 *Swift's Dig*. 772.    *Stat*. 19 *Geo*. 2. *c*. 21. *anno* 1746. 1 *Burn's E. L*. 49.   Secondly, a magistrate having plain view of the offence of profane cursing, is authorized, by the statute, to proceed without previous complaint and warrant. Thirdly, the words found in the records to have been spoken, constitute the offence of sinfully and wickedly cursing.   But fourthly, if not, the justice having so decided, the judgments are valid, until reversed on error ; he having a general jurisdiction over the subject matter. 2 *Stark. Ev*. 1804.  *Commonwealth* v. *The Pejepscut Proprietors*, 7 *Mass. Rep*. 399. 418. 423.

2. That a person *may be* guilty of more than one offence of profane swearing and cursing, on the same day.   The offences of which *Holcomb* was convicted, were found to be *distinct*.

3. That the offences being within the jurisdiction of the justice, the proceedings themselves were conclusive evidence of the facts on which they were founded ; so far at least, that they could not be controverted or disproved, by parol evidence. 1 *Stark. Ev*. 226, 7. 2 *Stark. Ev*. 802. 804.

4. That a justice of the peace is not liable *civilly*, for what he does in his *judicial capacity*, provided he has jurisdiction. 1 *Stark. Ev*. 227. latter part of note j. 2 *Stark. Ev*. 800. note *c*. 801. 803. note 1. *Cunningham* v. *Bucklin*, 8 *Cowen* 181. & seq.

WILLIAMS, J.   To the convictions introduced by the defendant, it was objected,   1. That no previous complaint and warrant were shewn.   By our statute regarding crimes and punishments (sect. 102.) it is enacted, that " when any justice of the peace shall have plain view or personal knowledge of any person's being guilty of drunkenness, profane swearing,

cursing or sabbath-breaking, it shall be accounted good and <span class="margin">*Hartford,*</span> sufficient evidence in the law for such justice to make up a <span class="margin">June, 1831.</span> judgment against such person or persons so offending; having <span class="margin">Holcomb</span> first caused such person to be brought before him. But no <span class="margin">*v.*</span> judgment shall be rendered, by a justice of the peace, against <span class="margin">Cornish.</span> any person, for any other offence, whether on confession or otherwise, without previous complaint and warrant." *Stat.* 172. That this statute dispenses with most of what, in other cases, is necessary, there can be no doubt. No evidence is necessary but that derived from the personal view of the magistrate; and it can hardly be seriously contended, that a written complaint can be necessary: In other words, that *J. C.*, justice of the peace, should be required to state in writing, and complain to *J. C.*, justice of the peace, that he, *J. C.*, heard the defendant utter the following oath, and that he should sign it and present it to himself. It was said, however, that if a written complaint is not necessary, yet a warrant is, because the statute says, the justice "may cause such person to come before him." The words, and, I think, the intent of this clause, would be satisfied, by applying it to those cases where the offender had left the magistrate, before any steps were taken to punish him; but certainly are entirely inapplicable to a case where the party is before him. No more necessity exists, in such a case, for a written warrant than a written complaint; one could no more be contemplated than the other. The personal knowledge of the justice makes a complaint unnecessary. The presence of the offender makes the warrant unnecessary.

It was said, that if the justice might thus arrest him, he must use the ordinary means to detain him. It might as well be said, that for a contempt the court cannot order the offender into custody without warrant. In either case, the court viewing the offence committed, and having, therefore, a right to punish it, is not bound to suffer the chance of escape until a warrant is made out. The court has the power to enforce its own decrees, as well as vindicate its own honour.

This construction is in conformity to ancient practice; and is fairly inferred from the last clause of the statute: " But no judgment shall be rendered, by a justice of the peace, against any person, for any *other* offence, whether on confession or otherwise, without previous complaint and warrant;"—clearly implying, that in *this* case, it may be done without complaint and warrant.

It is also objected, that the convictions are void, on the face of them : That the words recited do not amount to the offence of profane cursing and swearing.    Some of these words, I have no doubt, are clearly within the statute.    They are imprecations of future divine vengeance upon the magistrate.    Others may be of more doubtful import.    It will hardly be denied that they are profane ; whether therefore within the statute, seemed to be a subject for the magistrate to decide. The person and the offence were both within his jurisdiction. Of course, we are not to treat his sentence as void, although we might consider it as erroneous.    2 *Stark. Ev.* 802.    *The Commonwealth* v. *The Pejepscut Proprietors*, 7 *Mass. Rep.* 418. 423.

It was also claimed, that it appears to have been but one offence ; and therefore, the justice exceeded his jurisdiction.    To this point *Crepps* v. *Durden* & al. *Cowp.* 640. is cited.    There it was very properly holden, that a statute punishing a man for pursuing his ordinary trade on *Sunday*, should not be so construed, as that a baker should be fined for every baking on that day.    But that does not tend to prove, that the uttering of several different oaths, on the same day, may not be several distinct offences.    Here they are stated to be several convictions on the same day ; and unless the court can say, that there cannot be several distinct instances of profane cursing, by the same offender, of one person, they cannot, upon this ground, adjudge the convictions void.

It was also objected, that the records of the justice were not conclusive, to prove, that the plaintiff was brought before the justice ; but that the plaintiff might shew that that fact was not true ; in support of which the case of *Aldrich* v. *Kinney*, 4 *Conn. Rep.* 380. was cited.    That case proceeded not on the ground of contradicting the record where notice was found, but upon the idea that the record in that case imported nothing but that *A. B.* claimed to be the attorney of the defendant.    4 *Conn. Rep.* 387.    But here the record shews, that *Holcomb* was required to make answer, and refused.    To admit proof, therefore, that he was not present, would be to admit proof directly to contradict the record ; for the record proves as well the presence of the party as the judgment against him ; and when that fact is expressly found, the verity of the record is as much attacked, by denying this fact, as the fact of any judgment rendered.

It is said, that in *New-York*, it has been allowed to negate such a record.    It ought, however, to have been added, that in

that state a justice's court is not a court of record.  *Brown* v. *Hartford,*
*Genung,* 1 *Wend.* 115.  In this state, it is a court of record ; June, 1831.
and its decisions must stand upon the same grounds and be sub-    Holcomb
ject to the same rules as those of the superior court.  And a    *v.*
judge or justice is never answerable in a civil suit for a judg-    Cornish.
ment rendered by him, in his judicial capacity, however errone-
ous, provided he had jurisdiction.  *Phelps* v. *Sill,* 1 *Day* 228.
*Dillingham* v. *Snow,* 5 *Mass. Rep.* 549.  *Archey* v. *Parkin-*
*son,* 3 *Mau. & Selw.* 411.

I see no ground for a new trial.

The other Judges were of the same opinion.

New trial not to be granted.