## SUPREME COURT.

### HUTCHINSON agt. BRAND.

In an action for escape under a ca. sa. the sheriff can not avail himself of the irregularity that the ca. sa. issued without a fi. fa. having been previously issued and returned *nulla bona*.

A sheriff can not be allowed to allege error either in the judgment or process as an excuse for an escape.

He can not avail himself of any defect or irregularity in the judgment or the ca. sa. which might render them *voidable* on the application of the party.

Unless the process is *void*, upon which the sheriff arrested the prisoner, he is bound to detain him in custody, and is responsible in an action for escape, if he permits him to go at large. The distinction is between void and voidable process.

The power of a Superior Court of general jurisdiction to award process, is in law, presumed.

It is not necessary to state in the writ the cause of action at all, or to show upon its face that it is such an action as would justify the issuing of a ca. sa.

Where the command of the ca. sa. was to commit him (the prisoner) to jail, until he shall pay the judgment *according to law*, instead of saying, commit him until he shall pay the judgment *" or be discharged"* according to law—*held*, that it was not void, because it was amendable.

In an action for escape, the sheriff is liable for the whole judgment, and costs, but not for interest on the judgment.

*Madison Special Term, Feb.* 1850. This is a civil action, and would have been debt before the Code, on the allegations contained in the complaint. The cause was tried before me at the late Madison circuit in December 1849, without a jury. The following facts were established by the evidence to wit: that on the 13th day of March 1849, Holmes Hutchinson recovered a judgment in the Supreme Court against Abram Lathrop for $67·77, for costs. The record was filed on the 13th day of March aforesaid, and the judgment docketed on the same day. The action was trover for taking and converting a yoke of cattle. On the 26th day of May 1849, the said Hutchinson by his attorney, William E. Lansing, caused a ca. sa. to be issued upon the judgment to the sheiff of the county of Madison; and the same was, on the 28th day of May aforesaid, delivered to Edwin Sherwin, a deputy of the defendant. The defendant at the time being

sheriff of the county, and also the acting jailer.   Sherwin arrested
Lathrop upon the ca. sa. and conveyed him to the jail and de-
livered him to the defendant who refused to receive him because
of certain alleged defects in the writ; and the following were the
objections stated by defendant at the time.

*First..* Because the writ does not show that the judgment was
rendered in an action wherein the defendant might be lawfully
imprisoned on the judgment.

*Second.* Because the said writ commands the imprisonment of
the defendant until he shall pay the judgment according to law.
The defendant upon the trial raised the further objection that the
writ did not show that an execution had been issued against the
goods and chattels of the defendant; and because of these defects
in the writ the defendant claims he had a right to discharge La-
throp from arrest without subjecting himself to an action for an
escape.   The defendant proved on the trial of the cause that
Lathrop had no property at the time liable to execution, and was
not able to pay the judgment.

> W. E. LANSING, *for Plaintiff.*
>
> T. JENKINS, *for Defendant.*

MASON, Justice.—The execution although in fact issued by the
attorney, is supposed to be actually awarded by the court itself
on the day of which it is tested, and upon the application of the
attorney of the party entitled to it (4 *Man. & Gra.* 136, *note "a."*
1 *Burr. Pr.* 286).

The process then being considered as awarded by the court,
and that court being a Superior Court of general jurisdiction, its
power to award this process must be presumed till the contrary
be shown (Borden vs. Fitch, 15 *J. R.* 141; Mills vs. Martin, 19
*J. R.* 33; Adkins vs. Bremer, 3 *Cow.* 206; Sutton vs. Edgarton,
9 *Cow.* 227; Bloom vs. Burdick, 1 *Hill,* 130; 5 *Hill,* 285).   The
intendment of law is that the court had jurisdiction to award this
process (see cases above cited).

It has been repeatedly decided in this court that in an action
for an escape of a prisoner in execution on a ca. sa. that the

sheriff can not avail himself of the irregularity that the ca. sa. issued without a fi. fa. having been previously issued and returned *nulla bona* (Hinman vs. Bright, 13 *J. R.* 529). The principle is a familiar one that in an action for an escape, the sheriff can not be allowed to allege error either in the judgment or process, as an excuse for an escape.

He can not avail himself of any defect or irregularity in the judgment or the ca. sa. which might render them voidable on the application of the party (Perry vs. Adams, 2 *Salk.* 674; Reynolds vs. Coof, 3 *Cow.* 267; Cable vs. Cooper, 15 *J. R.* 152, 155, and 156; Jones vs. Cook, 1 *Cow.* 309; Ontario Bank vs. Hallett, 8 *Cow.* 192; Ames vs. Webber, 8 *Wend.* 545; 8 *Cow.* 643 and 644; 1 *Hill*, 154; 3 *Hill*, 661, " *Note* 31."

It has been repeatedly held that unless the process is void upon which the sheriff arrested the prisoner, he is bound to detain him in custody and is responsible in an action for an escape, if he permits him to go at large. The distinction lies between void and voidable process. The latter is a justification to the officer to detain the prisoner until it is set aside by the party. There is good reason why the sheriff should not be allowed in this action to take advantage of an irregularity or error in judgment, or in the issuing of the process, and which for aught appears the party whose right it is to insist upon the defect does not wish to avail himself of it.

Chief Justice Savage says in the case of Parmalee vs. Hitchcock, 12 *Wend.* 97, " *Whether the sheriff is bound to execute an erroneous ca. sa. delivered to him, depends upon the question whether it is absolutely* void or only voidable?

Again he says: " There can be no doubt a sheriff is justified in executing any process from a court of general jurisdiction, which is regular on its face. When an execution is delivered to him, he is not bound to inquire whether there is a judgment to support it, or whether the execution corresponds exactly with the judgment; if it is regular upon its face, it is his duty to execute it; if there is any irregularity or error in it, that affects the parties, not the ministerial officer." (5 *Wend.* 170; 8 *do.* 546, and 547).

Hutchinson agt. Brand.

The question then to be determined in this case is whether this ca. sa. was void or not.

I feel constrained to say, after a careful examination of the case and the most mature deliberation, that I can not regard any of the objections taken to this process of such a character as would render it void. Is there any objection taken to the writ which is not amendable? Most clearly the defects suggested are amendable, and if so, the writ is not void (12 *Wend.* 97). I do not think it necessary to state in the writ the cause of action at all, or to show upon the face of the writ that it is such an action as would justify the issuing of a ca. sa.; especially when the process is issued by a superior court of general jurisdiction.

I know of no adjudication requiring it, and the precedents, many of them, do not (see *Bur. App. 3 vol.* 120, 121; *Yates Pl. p.* 60, § 127; *p.* 58, § 121). The following cases, in addition to those cited above, may be referred to as sustaining the positions above stated (Cady vs. Quin, 6 *Iredell,* 191; *U. S. Digest,* 1847, *p.* 444, 55–62; Spafford vs. Goodell, 3 *McClean,* 97; *U. S. Digest,* 1847, *p.* 221, § 1; 21 *Wend.* 351; Brother vs. Cannon, 1 *S. Car.* 200; Robinson vs. Harlan, 1 *S. Car.* 237; *Supplement U. S. Digest, p.* 784, § 418; 24 *Wend.* 381; 8 *Wend.* 79; 11 *Mass. R.* 177; 5 *Mass. R.* 310; Ford vs. Treasurer, 1 *N. & H.* 234, 3d *vol. U. S. Dig. p.* 434, §145; 7 *J. J. Newell,* 149; 1 *Wend.* 115; 20 *Wend.* 236; 11 *John.* 474, 423; 5 *J. R.* 89; 7 *Hill,* 578; 1 *Hill,* 225; 16 *Wend.* 567; 3 *Denio,* 327; 3 *Barn & Al.* 502).

In debt, for an escape, the whole judgment is recovered (6 *J. R.* 270; 14 *J. R.* 255; 1 *Wend.* 117; 2 *R. S.* 437, § 63).

The execution in this case conforms substantially to the requirements of the 288th and 289th sections of the code of procedure, only that the words " *or be discharged,*" which are erased, should be in the writ to make it conform strictly. The only departure from the strictest requirements of those sections is in the erasure of the words " *or be discharged,*" which the 289th section requires to be inserted. This can not, however, be considered as rendering the writ absolutely void, as it is amendable (*Code,* § 173), and by § 176 the court is required in every stage of an

action to disregard any error or defect in the proceedings or pleadings which should not affect the substantial rights of the adverse party.

This defect in the writ can not prejudice the defendant in that judgment. The command of the writ is to commit him to jail until he shall pay the judgment according to law. Whereas, to make it conform strictly to the letter of the statute, it should be to commit him until he shall pay the judgment or be discharged according to law. This departure from the requirements of the statute, however, can not be considered, it seems to me, as rendering this writ void; if not, then the defendant is liable for the escape, and must be held to answer in this action.

Such being the conclusion at which I have arrived, I order and direct that the plaintiff recover his debt, and that a judgment be entered for the plaintiff for the amount of his judgment, with the costs of the same. But he can not in this action of debt for an escape recover interest upon the judgment, and judgment will be entered without interest (1 *Chitty's Cr. Law*, 33, 92, 93; 17 *W. R.* 255).