## THE STATE v. SAMUEL T. LEEDS ET AL.

To authorize a prosecution in the name of the state on the official bond of a sheriff for a voluntary escape, it is not necessary that the liability of the sheriff should have been first fixed by suit and judgment against him.

---

In debt.     On general demurrer to the plaintiff's declaration.

For plaintiff, *F. Voorhees* and *James Wilson*.

For defendants, *A. Browning*.

BEASLEY, CHIEF JUSTICE. This is a suit on a sheriff's bond. The declaration contains two breaches, the first being a general negation of the condition of the obligation, and the second an allegation of a specific breach of duty in permitting a voluntary escape of a defendant in execution. To this declaration a general demurrer has been put in.

The question intended to be raised on these pleadings is stated in the following words in the brief of the counsel of the defendants, *viz.*, " Can a suit be instituted on a sheriff's official bond in the name of the state for an escape suffered by the sheriff, until the sheriff's liability for an escape is fixed by suit and judgment?"

On abstract theory there would seem to be no room for the doubt suggested in this inquiry. The allegation in the pleading is, that the sheriff voluntarily permitted a party, defendant, whom he had taken in execution, to escape. As this

was a clear violation of duty it would appear to be a palpable breach of a bond, whose condition is, in substance, that the office of sheriff shall be faithfully executed. But the insistment is, that in a suit on the bond, the capacity to plead is more circumscribed than it would be in a suit against the sheriff alone; and that on this account a previous recovery against the officer ought to be exacted. If this were so, the court might feel called on to stay the proceedings or exercise some other equitable control over the action to preclude a manifest injustice; but it is conceived such circumstances could not be any ground for a demurrer. The objection goes rather to abate the action than to a denial of the right in which it subsists. Even on the assumption that the defendants may be cramped in pleading some possible defence which they may have to the present suit, it would be a very questionable form of relief to require the plaintiff, before resorting to the bond, to proceed to judgment against the sheriff. This would but shift the hardship. Such judgment against the officer could not be used, it is presumed, for any purpose against his sureties. They would not be parties to such suit—they could neither defend it nor take it up for review, and, consequently, according to the established principles of evidence, it could not be used to fix them with any liability. See *Douglas* v. *Howland*, 24 *Wend.* 35; *McKellar* v. *Bowell*, 4 *Hawk's R.* 34; *Id.* 43.

This being the case it would be manifestly oppressive to require the plaintiff to prove, in a suit against the officer alone, his breach of puty, and then to retry the same question in the suit against the same officer and his sureties. This would be a greater injustice to the plaintiff than any which, in the brief of counsel, is suggested as likely to befall the defendants from their supposed liability to plead, with the necessary amplitude, to the suit on the bond.

But it may well be doubted whether the counsel of the defendants is right, with regard to the rules of pleading applicable to this case. He has regarded this as an action founded on an instrument under seal; and, in his view, the

pleas which can be used are those only which, in such in-stances, are generally admissible. Thus he enumerates *non est factum*, usury, payment, performance, accord, and satisfaction, as the only defences which can be legitimately interposed. His principal complaint is that in this suit on the bond, *nil debet* cannot be pleaded, whereas in a suit for the same neglect of duty against the sheriff alone, such plea is authorized by the express provision of the statute. This hypothesis is very questionable, for this case seems to fall within the exception to the general rule, that *nil debet* cannot be pleaded to a specialty. The escape is the substantial cause of action, the deed being but inducement. Under such conditions, *nil debet* is uniformly held to be a good bar. Thus, in debt for rent on an indenture of lease, where the plaintiff declares, setting out the indenture, yet as the fact of the sub-sequent occupation or holding gives the right to the sum de-manded and forms the real ground of action, the lease being mere inducement, it is the familiar doctrine that the defend-ant may plead *nil debet. Warren* v. *Consett, Ld. Raym.* 1500; *Bullis* v. *Giddens*, 8 *Johns.* 83; 1 *Saund.* 202–211–276, *notes* 1, 2. For the same reason this plea is sufficient in debt on a devastavit against an executor, the judgment in that action being simply inducement, and the devastavit the foundation of the action. The rule and the principle on which it rests are similar in the action of debt founded on the escape. 1 *Chit. Pl.* 517, 7*th Am. ed.* In *Minton* v. *Woodworth & Ferris*, 11 *Johns.* 474, an action of debt was brought for an escape on a bond for the gaol liberties. Among the pleas put in was one of *nil debet*, which was demurred to, but the court vindicated the propriety of its use, for the reason that the deed was only inducement to the action. This same mode of pleading is recognized in *Gates* v. *Wheeler*, 2 *Hill* 233.

But be this doctrine as it may, and as this subject is not discussed in the briefs of counsel, no definitive opinion is intended to be expressed with regard to it, I am at a loss to see on what principle this demurrer is to be sustained.

It is certain, no authority has been adduced which in anywise appears to countenance the notion, that a judgment against the officer is a prerequisite to a proceeding against his bondsmen. The earlier cases in New York, which are referred to and in which the suits against the sureties were preceded by a recovery against the officer, were founded on a statute, and the very existence of such statute implies the non-existence of such prerequisite at common law. This act, probably in consequence of its unprofitable inconvenience, has been repealed, and since such repeal the cases clearly show that the action on the bond is the initial proceeding.

In my investigation of this subject I have not met a case which, in all its parts, is identical with that now before the court; but I can see no reasonable ground for putting the instance of an escape on any other footing, so far as concerns the form of pleading, than other lapses from official duty. It is certainly perfectly clear on the adjudged cases, that legal formality does not prohibit an immediate resort to the bond in redress for damages sustained by most official defaults. Thus in *The State* v. *Roberts and others*, 7 *Halst.* 114, the action was on a sheriff's bond and the breach assigned was a neglect to levy a *fi. fa.* on the goods of the defendant in execution. The damages in the case were wholly unliquidated, and yet there was no allegation that there had been a previous recovery against the sheriff. The following authorities will also be found to maintain the usual, and what is believed to be the correct doctrine, that suits on bonds, of the general character of the one now under consideration, need not be based on a precedent recovery against the delinquent official. *Governor* v. *White*, 4 *Stew. & Por.* 441; *Governor* v. *Roberts*, 2 *Bibb* 395; *Treasurer* v. *Wiggins*, 1 *McCord* 568; *Ohio* v. *Myers*, 14 *Ohio* 538.

Nor is there, as the counsel of the defendants appears to imagine, anything in the act relating to sheriffs and which prescribes the mode of prosecution on their official bonds, which is indicative of an intention to limit the right to put such bonds in suit, to any particular class of cases. The lan-

guage of this statute, conferring the authority to bring an action, is almost as comprehensive as it could be. The privilege is given to any person " who may be aggrieved or suppose himself to be aggrieved by the neglect, default, malpractice, or misconduct of any sheriff in his office, &c." So far is the statute from requiring that the party desirous to prosecute the bond, must evidence his claim in the form of a judgment against the sheriff, the right to sue, in express terms, is extended to any one who may even suppose himself aggrieved. Nor have I been able to discover in the provisions of this act, the slightest foundation for the discrimination sought to be made between a voluntary escape permitted by the officer on an execution and any other species of default in office.

Judgment should be entered in favor of the plaintiff on the demurrer, with leave, &c.

Elmer and Van Dyke, Justices, concurred.