CASES IN THE SUPREME COURT

P. W. YATES
v.
VAN RENSSE-
LAER and
SCHEMER-
HORN.

Where a plain-
tiff agreed with
a defendant, who
was in custody
on a *ca. sa.* that
he might go be-
yond the liber-
ties of the gaol,
for his conveni-
ence, on the de-
fendant's cove-
nanting that he
would continue
in the custody
of the sheriff on
the *ca. sa.* and
not go beyond
the limits pre-
scribed by the
plaintiff; and
that if he did go
further, the
plaintiff might
retake him on
the same *ca. sa.*
or issue another
*ca. sa.* and com-
mit him again
to the custody
of the sheriff
until the debt
and costs were
paid; and the
defendant hav-
ing violated his
agreement by
going beyond
the bounds pre-
scribed, the
plaintiff issued a
second *ca. sa.*
on which the
defendant was
again taken in
custody by the
sheriff; on a
motion of the
defendant, to be
discharged, it
was held, that
the agreement
of the plaintiff

P. W. YATES *against* VAN RENSSELAER and SCHE-
MERHORN.

RODMAN moved that the defendants in this cause
be discharged from the *ca. sa.* on which they were held
in custody by the sheriff of *Albany.*

The defendants were taken on the 13th day of *March*
last, on a *ca. sa.* returnable on the first *Monday* of *May.*
On giving security to the sheriff, according to the statute,
they were permitted to go at large within the liberties of
the gaol. On the 4th *May,* 1809, the plaintiff executed
a writing, under his hand and seal, which he delivered
to the sheriff, by which he consented and agreed that
he would not prosecute the sheriff for an escape on the
*ca. sa.* nor the bail given for the limits, provided, the
defendants shall continue in the custody of the sheriff,
either within the bounds of the limits of the liberties of
the gaol, or in the house and lot of *Philip Wendell's*
heirs and devisees, in the first ward of the city of *Alba-
ny,* until the debt and costs shall be paid and satisfied.
And the defendants, by writing, under their hands and
seals, reciting the said agreement, promised and agreed
to be and remain in the custody of the sheriff, as therein
expressed; and in case of an escape by them, or either
of them, they consented and agreed that they might be
retaken, and again confined on the same *ca. sa.* or the
plaintiff, if he chose, might issue a new *ca. sa.* against
them, and confine them until the debt and costs were
paid. The defendants having gone beyond the limits so
granted to them, the sheriff, by the direction of the
plaintiff, retook them, and kept them in custody, until
they were discharged on a *habeas corpus,* by order of

amounted to a permission to the defendant to go at large, and that he was not liable to be
retaken on the *ca. sa.* but was entitled to his discharge; which was granted, however, on con-
dition that he should not bring an action for false imprisonment.

the recorder of *Albany;* when the plaintiff issued another ca. sa. on the same judgment, returnable at this term, on which the sheriff took the defendants and detained them in his custody.

*Hamilton,* contra.

*Per Curiam.* The agreement of the plaintiff amounts to a permission to the defendants to go at large beyond the gaol liberties. Though we may say, in the language of Justice *Grose,* (2 *East,* 244.) that the attempt on the part of the defendants to get discharged from the debt, is scandalous ; yet the rule of law is settled, and we grant the motion, on condition that the defendants stipulate not to bring an action for false imprisonment against the plaintiff, in consequence of arresting the defendants on the *ca. sa.* mentioned in the notice. (*Barnes,* 205. 2 *East,* 243.)

Rule granted.