## SWEET *against* PALMER and PALMER.

THIS was an action of debt on a bond executed by the defendants, to the sheriff of the county of *Onondaga*, conditioned that the defendant *Erastus D. Palmer*, who had been admitted to the liberties of the gaol, should remain a true and faithful prisoner. The suit was brought by the plaintiff, as assignee of the sheriff, and the cause was tried before the late Chief Justice, at the *Onondaga* circuit, in *June,* 1818.

Although a previous condition of the creditor, that his debtor in execution, may leave the liberties of the gaol, will excuse the escape and discharge the judgment, yet an assent or agreement subsequent to the escape, that the debtor may remain out of the limits, is no discharge; for a right of action for the escape having once accrued, can only be defeated by a release under seal, or an agreement for a valuable consideration.

Where a debtor in execution left the limits on *Sunday,* and came to the plaintiff's house, and there obtained from him a written permission to go at large until nine o'clock the next morning, it was held, that the license or permission was no defence to an action for an escape, especially as the debtor obtained it fraudulently, and supposing that he would thereby be discharged from the judgment.

The plaintiff had recovered a judgment, in the Court of Common Pleas of *Onondaga* county, against the defendant *E. D. Palmer*, for 415 dollars and 52 cents. The judgment, *ca. sa.*, execution of the bond, and escape, were either proved or admitted. The defendants then gave in evidence, under the notice annexed to their plea of the general issue, the following writing signed by the plaintiff:

" This may certify that I agree to let *Erastus D. Palmer*, go at large from the limits of *Onondaga* gaol, until nine o'clock of the 16th day of *June* inst. ' *Pompey, June* 14th, 1817. *Oliver Sweet*."

It was then proved on the part of the plaintiff, that the license, given in evidence by the defendants, was written by *E. D. Palmer*, at the house of the plaintiff in *Pompey*, ten or twelve miles from the gaol of *Onondaga* county, on *Sunday*, the 15th of *June*, 1817 : that when *E. D. Palmer* came to the plaintiff's house on that day, he said he came to get a license from him, to remain off the limits until the next morning, that he might come and see the plaintiff, and would then give him security for the debt, or return immediately to the limits : that on something being said, as to the effect of the license, he answered that he knew of no advantage which could be taken by him, and that he would take none ; that the next morning, the defendants came to the plaintiff's house, but said very little on the subject of a settlement, their real object, in which they were defeated, being to carry off an illegitimate child, of which one of the defendants was the father, from the plaintiff's family.

It was further proved, that *E. D. Palmer* had said in conversation, while he was on the limits, that if he could procure a license from the plaintiff to remain off the limits for a short time, it would discharge him from the demand, and from confinement, and that he would try to get it ; and that after he had obtained the license, he said it was a good discharge, and that the plaintiff could obtain nothing.

A verdict was found for the plaintiff, subject to the opinion of the Court on the above case.

*Randall*, for the plaintiff.

*Yelverton,* contra.

*Per Curiam.* The evidence clearly shows *fraud,* and a *trick* on the part of the defendants; and we rejoice that the rules of law are such as to prevent the success of their cunning.

The certificate is certainly not binding as a technical *release* of the debt : and it is settled that, although a *previous consent* of the creditor, that the debtor may go off the liberties, will excuse the escape, and discharge the judgment; yet, a *subsequent assent,* or agreement, that the debtor may remain off, is no discharge. The right of action for the escape having once accrued, nothing but a *release* or an agreement for *valuable consideration* can defeat the action. (*Scott* v. *Peacock*, 1 *Salk.* 271.)

Here the license was after the escape; and there is no consideration. The fair construction of the certificate is this : " you have escaped, and I have a right to sue for it; but I agree to waive that right, provided you return as a prisoner to the limits, by nine o'clock to-morrow morning." The defendant never returned to the limits, nor was any consideration received by the plaintiff. Besides, if, as in this case, the debtor procured the license by collusion and preconcerted fraud, it would be affrontful to justice, to tolerate such a defence.

The plaintiff is, therefore, entitled to judgment.

Judgment for the plaintiff.