Per Curiam.

One objection to the admission of the receip' in evidence was, that the attorney had no authority to discharge the debtor upon the payment of a less sum than the amount of the judgment. No doubt an attorney has a right to prosecute a suit to final judgment and execution, and to receive the money for which judgment is recovered ; but we are of opinion that he has not a right to discharge the debtor upon receiving a less sum. The creditor may perhaps maintain an ac ice against the attorney for making such a compromise, but this does not affect the debtor ; he is not injured by being compelled to pay the whole debt.[1]
The objection to the evidence is therefore a valid one ; but there is another, namely, that the settlement was unfairly obtained. The debtor had committed an escape, and at that time the probability was, that property had descended to him sufficient to pay the debt. His attorney goes to the creditor’s attorney and urges a settlement, and it is agreed that 100 dollars shall be paid in satisfaction of the demand. The creditor’s attorney asks the cause of such haste, and receives for answer, that the debtor’s attorney is engaged in business to which he must attend, and that the debtor wants to see his family. These reasons were true, but the efficient reasons were not mentioned. The creditor did not know that he had a right to the whole penalty of the bond. The debtor’s attorney says nothing about the death of the father, nor about the escape. The Court think there was a designed concealment of the truth, in order to induce the creditor to take a less sum. Where, by a false representation or concealment, and in a hurried way, as this was, there is an interception of evidence of material facts, it vacates the settlement. The plaintiff is entitled to a new trial, because the verdict was against the evidence.[2]

 See Kilgour v. Ratcliff, 14 Martin’s Louisiana R. 298; Jackson v. Bartlett 8 Johns. R. 281; Holker v. Parker, 7 Cranch, 436. As to the general discre tian and power of an attorney, in a suit, see Gorham v. Gale, 7 Cowen, 744 Jhaon. 1 Wendell, 108; Smock v. Dade, 5 Randolph, 639; Union Bank of Georgetown v. Geary, 5 Peters’s S. C. R. 99; Haynes v. Wright, 4 Hayw. 65, Millaudon v. M’Micken, 19 Martin’s Louisiana R. 35; Dangerfield v. Thruston, 20 ibid. 232; Walden v. Grant, 20 ibid. 565.

 See Simms v. Slocum, 3 Cranch, 306.