NEW YORK, May, 1827.

Powers v. Wilson.

---

### POWERS against WILSON, Sheriff of Clinton.

Consent or agreement by the plaintiff to an escape, after it has happened, without consideration, will not discharge the sheriff. Otherwise, where it is upon good consideration. [*275] Where the plaintiff agreed with the sheriff in consideration that he would not retake W., who had escaped from a ca. sa. at the suit of the plaintiff, that he would not sue the sheriff without notice and reasonable time to retake, &c.; held, that he could not sue without such notice, the consideration being a good one. The plaintiff's consent that a prisoner at his suit on ca. sa. may go at large, is a discharge of the judgment.

ON demurrer to the defendant's 3d and 4th pleas. The declaration was in debt for the escape of one Woodward from the gaol of Clinton county, where he was in the defendant's custody on a *ca. sa.* upon a judgment of this court at the suit of the plaintiff. The escape was laid on the 9th of September, 1826; and the memorandum was of October term, 1826.

The defendant pleaded, 3dly, that the prisoner, on the 14th of April, 1826, privately, and without the knowledge *of the defendant, escaped, &c. That the plaintiff, afterwards, on the same day, and before the commencement of this suit, at, &c., in consideration that the defendant would not then and there make fresh pursuit after, and retake and re-commit Woodward to the gaol, &c., agreed with the defendant not to sue him, or the bail of Woodward, for the escape, until he gave notice and a reasonable time to the defendant, to retake and re-commit Woodward. That, therefore, Woodward remained at large. That the plaintiff did not, before commencing this suit, give the notice and reasonable time, &c.

The 4th plea stated that Woodward, on the 14th of April, 1826, being then on the gaol limits in custody of the defendant, by virtue of the *ca. sa.* &c., the plaintiff, with the intent and purpose to cause Woodward to escape and go out of the liberties of the gaol, &c., made his certain instrument in writing in the words and figures following, to wit:

Construction of a plea of consent to an escape, or agreement not to sue for an escape, as to the degree of certainty necessary to identify the escapes declared on with the escape pleaded, on general demurrer.

NEW YORK,
May, 1827.
───────
Powers
v.
Wilson.

" CLINTON COM. PLEAS.

Henry Powers
v.
Jonathan Woodward.

. *Ca. sa.* Whereas, the defendant, Jonathan Woodward, in this cause, has escaped from the limits of the gaol of the county of Clinton; I hereby agree not to sue the sheriff or his bail for such escape, until giving notice and a reasonable time to said sheriff to retake the said defendant, and re-commit him. *Plattsburgh,* April 14th, 1826.

HENRY POWERS."

And then, &c., delivered this instrument to Woodward, as and for an authority to him to escape and go at large, out of the limits, &c. And that he did, thereupon, by virtue of the instrument, and in pursuance of the intent, license and permission of the plaintiff, and by his procurement, escape, and go out of the limits, &c.; and that the plaintiff did not, before the commencement of this suit, give the notice and reasonable time, &c.

[*276]        *W. C. Watson*, in support of the demurrer, cited 1 Salk. 561; 16 John. 183; 3 id. 211; 20 id. 427; 3 Lev. 167 Com. Dig. Pleader, (G. 7.)

*J. Lynde*, contra, cited 5 John. 364; 2 East, 243.

*Curia, per* SUTHERLAND, J. There is no doubt, that if a defendant in execution escape from the limits, without the assent of the creditor, and he subsequently assents to the escape, and agrees that he may remain off, yet the subsequent assent will not make it an escape with the consent of the plaintiff; and he may either retake the party, or have his remedy against the sheriff for the escape. The right of action having once accrued, nothing but a release, or an agreement, for a valuable consideration, can defeat it. (*Scott* v. *Peacock*, 1 Salk. 271; *Sweet* v. *Palmer*, 16 John. 183.)

It is equally well settled, that if a creditor gives his debtor, who is in execution, permission to go at large,

beyond the gaol liberties, the judgment is discharged; and the plaintiff can neither issue a new execution, nor maintain an action for the escape, against the sheriff. (Barnes, 205; 2 East, 243; 7 T. R. 420; 6 id. 525; 5 John. 364; 11 John. 476; 2 John. Ch. Rep. 430; 1 Barn. & Ald. 297; 16 John. 183.)[1]

[1] Where a defendant in execution was seen off the limits on Sunday by his creditor, who held out inducements to him to remain off the limits until Monday, with the intent to fix the sheriff for the escape; it was held, that the device of the creditor was fraudulent, and that he was not entitled to maintain an action against the sheriff for the escape. *Van Wormer* v. *Van Voast*, 10 Wen. 356.

Where a plaintiff brings an action against a sheriff for the escape of a prisoner in execution, the plaintiff's election to consider him as out of custody is thereby determined, and he cannot resort to a remedy which would be an acknowledgment of his being in custody. *M'Elroy* v. *Mancius*, 13 J. R. 121.

Therefore, after bringing an action against the sheriff for the escape, he cannot oppose the discharge of the prisoner under the statute. Ib.

The sheriff cannot avail himself, as a defense, of the acts of the plaintiff, subsequent to the suit commenced, recognizing the prisoner to be still in custody; as the plaintiff, by bringing the suit, determined his election. Ib.

If the defendant in a popular action, having been taken in execution, is discharged by the plaintiff, without satisfaction of the judgment, such discharge is no bar to an action for an escape. *Minton* v. *Woodworth*, 11 J. R. 474.

It is a good defense in action for an escape, that the party taken, and afterwards suffered to go at large, was privileged from arrest. *Ray* v. *Hogeboom*, 11 J. R. 433.

In an action for escape on mesne process, if the plaintiff, having real and competent security from the defendant for his debt, relinquish it after knowledge of the escape, the sheriff may avail himself of that fact in mitigation of damages. *Russel* v. *Turner*, 7 J. R. 189.

The mere bringing of a suit against a sheriff for an alleged voluntary escape of a defendant in execution, is a bar to an action for a subsequent escape of the same defendant from the custody of the sheriff; so held by twelve members of the court for the correction of errors—the president of the senate, the chancellor, and five other members of the court dissenting—vide the dissenting opinion of the chancellor. *Brown* v. *Littlefield*, 11 Wen. 467.

Debt for an escape against a sheriff, lies only where the escape is from imprisonment on an execution issued from a court of record. *Brown* v. *Genung*, 1 Wen. 115.

That form of action against the sheriff for an escape is given by the 19th section; (1 R. L. 425;) and it gives the action of debt, only where the es-

The only question in relation to the third plea is, whether it states a good consideration for the agreement, not to sue the sheriff for the escape, without giving him notice, and a reasonable time to retake the prisoner. The agreement, as stated in that plea, was subsequent to the escape; and therefore did not discharge the judgment, or deprive the plaintiff of the right to retake his debtor.

I am inclined to think the consideration for the agreement was sufficient. Though the plaintiff had a right of action against the sheriff, immediately upon the escape, yet it was liable to be defeated by the recaption of the prisoner before suit brought. We are bound to presume that the prisoner might have been retaken at any time. The agreement on the part of the plaintiff admits it; for, in consideration of the promise of the defendant not to retake [*277] *the prisoner, he agrees not to sue without giving notice. The sheriff, therefore, in consideration of the plaintiff's agreement, omits to discharge himself from his liability to an action for the escape, and agrees that that liability shall continue for an indefinite period. This was an injury or hazard to the sheriff, which was a good consideration for the promise of the plaintiff. The enlargement of the debtor may also have been a positive advantage to the creditor;

cape is from imprisonment on an execution issued from a court of record. It is in the nature of a penalty against the sheriff for negligence. Ib.

A justice's court is not a court of record. The remedy, therefore, for an escape from imprisonment from a justice's execution is case as at common law, where the party injured will recover what he has actually lost, and no more. *Brown* v. *Genung*, 1 Wen. 115.

It was held that an action of debt for an escape against a sheriff, was cognizable in a justice's court. But it was for an escape from a commitment from a justice's execution; and the point as to the jurisdiction was not raised in the case. *Jansen*, late sheriff v. *Stoutenberg*, 9 J. R. 369.

The action of debt for an escape, therefore, is not sanctioned by that case; and accordingly the supreme court in the latter place reversed the judgment of the common pleas, affirming the judgment of a justice, who decided that debt will lie for the escape of a prisoner committed on an execution on a justice's judgment. *Brown* v. *Genung*, 1 Wen. 115.

The only remedy in such case is by an action on the case, where the measure of damage is open for the jury. Ib. 2 N. Y. Dig. p. 947, *et seq.*, tit. *Escape*.

.or he may have anticipated that it would have been so, in affording the debtor an opportunity, by his labor or otherwise, of procuring the means for satisfying the plaintiff's demand.

The consideration for the promise was, therefore, sufficient; and the plea is substantially good.

The 4th plea alleges, that the prisoner, by virtue of the instrument in writing set forth in the plea, and in pursuance of the intent, license and permission of the plaintiff, and by his procurement, did escape and go out of the limits, &c. This is admitted by the demurrer; and is unquestionably, not only a good defense to the sheriff, but a discharge of the judgment. It is said that it appears from the instrument itself, that the debtor had escaped before it was executed. It is true that it contains a recital that Woodward had escaped; but the plea expressly averring that it was made with the intent and purpose of procuring and causing him to escape, and that it was delivered to him as an authority for him to go at large, and that he did threupon escape and go at large, the recital in the instrument must be taken to be false, and to have been introduced for the express purpose of giving a legal color to the transaction.

But it is said that the escapes mentioned in the pleas, do not appear to be the same escapes for which the action was brought. There is no express averment in the pleas that they are the same. But it appears with sufficient certainty, upon a general demurrer. The declaration is of October term, 1826; and alleges the escape to have been on the 9th of September, 1826. The pleas both allege *that the debtor was in custody on the 14th of April. All escapes prior to that time, therefore, were purged by his return; and they admit that he has not been in custody subsequent to that time. The escape mentioned in the pleas, therefore, must be the same for which the action was brought.

The license or agreement being entitled in a suit in the common pleas, does not affect the substance of the pleas. It was undoubtedly a clerical mistake.

[*278]

NEW YORK,　The defendant is, therefore, entitled to judgment, with
May, 1827.
─────── leave to the plaintiff to withdraw his demurrers, and reply
Edson
v.　　on payment of costs.
Weston.
　　　　　　　　　　　　　　　　　　　　Rule accordingly.