#### FOR

## THE COUNTY OF HILLSBOROUGH, OCTOBER TERM,

### A. D. 1827.

---

## ABNER GOULD *versus* TIMOTHY GOULD and another.

When there is a joint execution against two persons, and one of them is taken in execution and then voluntarily discharged by the creditor, this is in law a release of the debt with respect to both.

This was an action of trespass for breaking and entering the plaintiff's house and taking and carrying away divers goods of the plaintiff.

The defendants pleaded several pleas, and among others, in bar, that at the superior court in this county, April term, 1823, the said Timothy Gould recovered judgment against the said Abner Gould, J. W. Smith and others for the sum of $15, debt and $58,68 costs of suit, and sued out execution thereon and delivered the same to Joseph Alcock (the other defendant,) a deputy sheriff, by virtue of which execution, the said Alcock and the said Timothy did enter the house, the outer door thereof being open, and took the goods.

To this plea the plaintiff replied that before the breaking and entering aforesaid, the said Alcock arrested the body of the said J. W. Smith, one of the debtors named

in said execution and kept and detained him in custody and afterwards and before the said breaking and entering did voluntarily with the consent of the said Timothy, release and discharge the said Smith from said arrest and permit him to go at large.

The defendants in their rejoinder traversed the arrest of Smith, upon which issue was joined.

The cause was tried here at April term, 1827, and the jury having found the said issue in favor of the plaintiff, *Brown*, on behalf of the defendants, objected that the issue was an immaterial issue, because the release of Smith only amounted to a technical discharge of him, but not of the other debtors, without an actual satisfaction of the judgment.

And it was agreed that if the court should be of opinion with the defendants on this point, the verdict should be set aside and new trial had, but if the court should be of opinion with the plaintiff, judgment to be entered for the plaintiff.

*D. Steele*, for the plaintiff.

RICHARDSON, C. J. The question which is raised in this case is, whether, when there is a joint execution against two and one is taken in execution and voluntarily discharged by the creditor, it is to be taken as a satisfaction of the debt with respect to the other debtor ?

There are cases in which one joint debtor may be discharged without discharging the other. Several cases of this description are cited in *Townsend* v. *Riddle*, 2 N. H. Rep. 449. But it will be found upon examination that in all those cases the discharge was effected by operation of law without the consent and without any art on the part of the creditor. And that circumstance distinguishes all those cases from the case which is now before us.

If a creditor assent that his debtor who is in execution be discharged, he cannot be again arrested, but the debt is discharged. 14 Mass. Rep. 443, *Litile* v. *N. P. Bank ;* 1 B. & P. 242, *Da Costa* v. *Davis ;* 7 D. & E. 420, *Tanner* v.

*Hague* ; 1 D. & E. 557, *Jaques* v. *Withy* ; 4 Burr. 2482, *Vigers* v. *Aldrich* ; Yelv. 68, note ; 3 East, 258 ; 1 Johns. 290.

And if a creditor assent, that one of two joint debtors, who is in execution, be discharged, it is a satisfaction of the debt with respect to the other debtor. 6 D. & E. 525, *Clark* v. *Clement.*

This is the necessary consequence of the assent's operating as a release of the debt with respect to the debtor discharged from the execution. For if the debt should not be also held to be discharged with respect to the other debtor, he might be compelled to pay it, and might then legally resort for contribution to the debtor who had been discharged from the execution and thus defeat the legal effect of the discharge.

*Judgment on the verdict.*