Walker<br>vs.<br>Ferrin.

————~~~◙~~~————

A. W. & O. M. HYDE vs. HORACE LONG.

RUTLAND,<br>February,<br>1832.

V and H executed a joint and several note to G. Judgement having been obtained on the note against V, he was committed to jail on the execution, gave a jail bond, and was admitted to the prison liberties. G afterwards received from V, a part of the debt, and in consideration thereof, discharged the bond. It was held in an action brought against H, the other maker of the note, that the discharge of the bond was a full and complete discharge of the whole debt, and consequently of H, the other signer.

This was an action on promissory note executed by the defendant jointly and severally with one Virgil Long, and made payable to James Green, or order, and by said Green endorsed to the plaintiff. Plea, *general issue.* It appeared that Green, previous to his endorsing the note to the plaintiff, obtained a judgement thereon against Virgil Long, and caused him to be committed to jail on the execution ;—that while Long was thus imprisoned on said execution, he entered into negotiation with S. H. Merrill, the agent and attorney of Green, to procure his discharge from imprisonment ;—that he paid Merrill fifteen dollars, (being considerably less than the debt,) for that purpose ;—that thereupon Merrill endorsed on the bond, these words ; " I hereby discharge this bond.—*S. H. Merrill, plaintiff's attorney ;*" and that Virgil Long immediately departed from the limits of the jail. The court having decided, that this operated as a discharge of Horace Long, the present defendant, ordered a non-suit, with leave to move to set it aside, should this Court, on a hearing, reverse that decision. The plaintiff, therefore, brought the cause to this Court, and moved that the non-suit be set aside.

*Merrill and Ormsbee, for plaintiffs.*—The discharge of Virgil Long from imprisonment on an execution against him alone, issued on a judgement against him on a joint and several note, signed by him and the defendant, does not release the defendant, from his original undertaking in the note.—1 *Pet.* 573, *and the authorities there cited* ; 2 *Ver. Rep.* 212, *Spencer vs. Williams and others.* If Virgil Long had been discharged on taking the poor debtor's oath, it would have been no discharge of the debt, either as against him, for the purpose of procuring a judgement,

ADDISON,
January,
1832.

Hyde et al.
vs.
Long.

nor as against the defendant.—*Stat.* 222, 241. The defendant not being a party to the suit in which the original judgement was rendered, nor a party to the bond, cannot be released by the discharge of the bond. The presumption of satisfaction which the law raises on the release of the person, is entirely removed by the case, which states that considerably less than the original debt was paid.

*Royce and Hodges, for the defendant.*—The release of Virgil Long from imprisonment by the plaintiffs in the execution operates as a discharge of the note in suit as to all the parties, and not merely as a covenant not to sue him.—*Vigers* vs. *Aldrich*, 4 *Burr.* 2482; *Jacques* vs. *Withey*, 1 *T. R.* 557; *Clark* vs. *Clement and English*, 6 *T. R.* 525; *Taylor* vs. *Waters*, 2 *Chit. R.* 303; *Enos* vs. *Fenno, Bray.* 36; *United States* vs. *Stansbury et al.* 1 *Pet. Rep.* 573.

The opinion of the Court was delivered by,

WILLIAMS, J.—The note on which this suit was instituted appears to have been executed by the defendant jointly and severally with one Virgil Long, who has been heretofore sued on the same. Judgement was recovered against him in the suit, and an execution issuing thereon, he was committed to jail, and admitted to the liberties of the jail yard. While he was in jail he entered into a negotiation for a discharge, and, on payment of about fifteen dollars, the jail bond taken on his admission to the liberties, was discharged by Mr. Merrill, the agent and attorney of one Green, who was the original payee of the note, and who then held the same. Green after this endorsed the note to the plaintiffs.

The effect of this, if not a direct discharge of the debt, was a discharge of the jail bond, and a discharge of Virgil Long from his imprisonment on the execution.

The question is, what is the operation of this proceeding, as it respects either Virgil Long, or the defendant, or both. As to Virgil Long it was a consent on the part of the creditor to his escape from jail, and an escape by him, with such previous consent.

No rule is better established at common law than this; that an escape of a debtor, who is in prison on execution, with the consent of the creditor, is a discharge of the debt; and no other execution can issue against him, nor can any action of debt on the judgement be maintained against him. This rule is laid down in the case of *Scott* vs. *Peacock*, 1 *Salk.* 271; *Vigers* vs. *Aldrich*, 4 *Burr.* 2482; *Jaques* vs. *Withey*, 1 *T. R.* 557; *Clark* vs. *Clem-*

*ment and English*, 6 *Term*, 525. It was so decided in this state in the case of *Enos* vs. *Fenno, Bra*. 36 ; in the state of New-York in the case of *Yates* vs. *Van Rensselaer and Schermerhorn*, 5 *John*. 364 ; by the Supreme Court of the United States, in the case of the *United States* vs. *Stansbury et al*. 1 *Peters*. 573 ; and cannot now be denied, or questioned, unless altered by the legislature.

RUTLAND,
*February,*
1832.

Hyde et al.
*vs.*
Long.

This rule is founded upon a presumption, that if a creditor has caused the body of his debtor to be taken in execution, and consents to his release, he receives an equivalent for such release, in satisfaction of his debt. The law attaches to this act, as a legal consequence, a presumption, that the debt is satisfied, which cannot be rebutted by any proof of the actual intention, either of the debtor or creditor.

This legal presumption is not, as was urged by the plaintiffs' counsel, upon the ground, that a commitment is of itself a satisfaction of the debt; for we find that a subsequent assent by the creditor does not operate as a discharge of the debt. Nor does an escape against the consent of the creditor so operate ; as where the sheriff suffers a voluntary escape; in which case he cannot retake the prisoner, although the creditor may. Nor does a discharge of the debtor under the insolvent debtor's act in England, nor a discharge on taking the oath provided by the statute of this state for poor debtors, or a discharge like the one mentioned in the case of the *United States* vs. *Stansbury et al*. where the common law was altered by statute. These cases all shew that it is not the commitment, which is considered as a satisfaction of the debt ; but the escape with the previous consent of the creditor.

The result is, that the discharge of Virgil Long, as stated in the case, was, as to him, a discharge of the debt ; and neither his body nor property were further liable thereon. As a necessary consequence of this, the debt, as to *Horace Long*, the other signer of the note, was also discharged, whether it was so intended or not.

A discharge of one of two joint obligors is a discharge of both. If a plaintiff consents to the discharge of one of several defendants taken on a joint *ca. sa.*, he cannot afterwards retake him, or take *either of the others* on an alias. This was the point determined in the case of *Clark* vs. *Clement and English*, before referred to, and is an authority directly in point on the question now under consideration.

The only question which can remain in this case is, whether

Rutland,
*February,*
1832.

Hyde et al.
*vs.*
Long.

Mr. Merrill had any authority thus to discharge the debt *as* against Virgil Long.

It may be very doubtful whether an attorney, employed only to collect a demand committed to him, would be vested with any such authority. It has been decided, both in New-York and Massachusetts, that the attorney for the plaintiff in the suit has no authority from his general character as an attorney to discharge a defendant from execution on a *ca. sa.* until the money is paid ; and this is undoubtedly the common law upon this subject.—*Jackson* vs. *Bartlett*, 8 *Johns.* 280 ; *Lewis* vs. *Gamage*, 18 *Mass.* 347. Sometimes a discretionary power is given to attorneys in this state, and their authority may be directly proved, or it may frequently be inferred from the circumstances attending each particular case. We cannot decide this case, however, by determining what is the general authority which an attorney, as such, may be supposed to possess over the demands committed to him to collect.

This question was not thought of at the jury trial, and is not made a point in the case. The trial was had on the supposition that the attorney was authorized to do what he did, whatever might be the consequences. The case states that Mr. Merrill was the agent and attorney of Green, the holder of the note. Nothing further is presented by which we can determine the extent of his agency, whether he was merely the attorney in the suit, or the agent and attorney of the creditor authorized to make a negotiation with the debtor.

If the plaintiff relied on the want of authority in Mr. Merrill, he should so have presented the facts that the county court, and this court, could determine from them, the nature and extent of the authority given to him. If Mr. Merrill was authorized to make the negotiation with Virgil Long, which was made either by an express, or by an implied authority, the creditor must abide by the consequences resulting from what he did.

We can see nothing to warrant us in inferring a want of such authority, and the acts of the agent and attorney must be considered as the acts of the principal.

The consequence is that the judgement of the county court must be affirmed.