## BUNKER *vs.* HODGDON.

A discharge of a judgment debtor from imprisonment, on execution, with the assent of the creditor, operates to discharge the judgment.

And such assent need not appear by specialty, nor is it necessary to prove a consideration for it.

DEBT upon a judgment of the court of common pleas.

The defendant pleaded in bar, that after the recovery of the judgment the plaintiff sued out execution thereon, and delivered the same to a deputy sheriff to be served, who, before the return day arrested the defendant, and committed him to gaol, and that he remained a prisoner until he was discharged by order of the plaintiff.

The plaintiff replied, that the defendant was not discharged from imprisonment by his order; upon which issue was joined.

On the trial it appeared that the defendant was arrested and committed, as alleged in his plea, and that while he was detained within the limits, the plaintiff executed a writing, not under seal, addressed to the prison keeper, directing him to discharge the defendant from gaol, on his satisfying the keeper for his board. Whereupon the defendant was discharged from his imprisonment.

Upon this evidence a verdict was taken for the defendant.

*Bartlett*, for the plaintiff, admitted the principle that a discharge of a debtor from arrest on execution discharged the judgment; but contended that such discharge should

appear by specialty, or be founded upon a valuable consideration, in order to have that operation. He cited 5 *N. H. Rep.* 26, *Nealley* vs. *Cilley.*

*Lyford,* for the defendant, cited 16 *Johns. Rep.* 181 ; 1 *Salk.* 271 ; 11 *Johns.* 476 ; 4 *Burr.* 2482 ; 1 *D. & E.* 557 ; 6 *ditto,* 525 ; 7 *ditto,* 420 ; 3 *Com. Dig.* 184 ; *Cro. Car.* 329 ; 3 *Bac. Abr.* 522.

PARKER, J.    Anciently it seems to have been held, that where a defendant was once imprisoned upon execution, and escaped, the plaintiff should never have a remedy against him again, nor the gaoler retake him, because he was once at large, and so discharged for that time. *Plowd.* 36, *and note a ; Hobart* 202, *a.* Perhaps the rule might have been confined to voluntary escapes. *Bac. Abr. Escape, C.*

It was afterwards holden, that were the party escaped from custody without the assent of the creditor, he might retake him by a new *capias ad satisfaciendum,* or have an action of debt, or *sci. fac.* upon the former judgment. 1 *Saund.* 35, *n.* 1 ; 1 *Lev.* 211, *Alanson* vs. *Butler.*

But if the debtor is discharged from imprisonment on execution, by the creditor, or goes at large with his assent, this is still held to operate as a discharge of the judgment. 4 *N. H. Rep.* 173, *Gould* vs. *Gould, and cases cited ;* 1 *Barn. & Ald.* 279, *Goodman* vs. *Chase ;* 11 *Johns.* 476, *Minton* vs. *Woodworth ;* 9 *Cowen* 138, *Ransom* vs. *Keyes.* And it does not appear from the authorities that it is necessary this assent should be shown by writing, or that a consideration must be proved. *Dyer* 275, *a, note ; Com. Dig. Escape, D ;* 1 *Salk.* 271, *Scott* vs. *Peacock ;* 16 *Mass. R.* 63, *King* vs. *Goodwin ;* 7 *Cowen* 274, *Powers* vs. *Wilson ;* 8 *Cowen* 171, *Lathrop* vs. *Briggs ;* 4 *N. H. R.* 173.

The mere assent of the creditor subsequent to an escape, is no bar to an action upon the judgment. 1 *Saund.* 35, *note, and auth. ante.* In such case, immediately upon the

debtor being out of custody without authority, the creditor has a right of action upon the judgment; and this right having once accrued, nothing but a release, or an agreement for a valuable consideration, can defeat the action. 16 *Johns. Rep.* 183, *Sweet* vs. *Palmer.*

But a discharge from imprisonment by the creditor while the party is still in custody stands upon different ground. It is a license to the debtor to go at large, which need not be by specialty, nor is any consideration necessary to support it. The debtor acts by permission of the creditor, and that permission cannot be annulled or revoked, or its operation defeated, after it has been acted upon. If without consideration, the creditor might revoke the license before it was executed. 4 *D. & E.* 78, *Bagshaw* vs. *Bossley ;* 8 *East* 308, *Winter* vs. *Brockwell ;* 7 *Taunt.* 374, *Taylor* vs. *Waters ;* 7 *Bing.* 682, *Liggins* vs. *Inge ;* 7 *Johns.* 285, *Tillotson* vs. *Preston ;* 1 *Cowen* 243, *Ferguson* vs. *Miller ;* 6 *Pick.* 455, *Wallis* vs. *Truesdell ;* 4 *Pick.* 368 ; 11 *Mass.* 537 ; 15 *Mass.* 153.

So in relation to actions against officers for escapes,—if the escape was by the consent of the creditor, he could maintain no action for it ; and his consent might be shown without specialty. "And let the sheriff or keeper of such 'gaole take heed, if it be within a franchise or without, that 'he do not suffer him [the servant] to go out of prison by 'the common writ called replegiare, or by other means, 'without assent of his master." *Statute West.* 2, *c,* 11. Upon which Coke remarks: "And this assent may be by 'paroll, and shall be a sufficient barre in an action of debt 'brought for the escape." 2 *Inst.* 382. This statute by a liberal construction has been held to extend to all cases. 2 *D. & E.* 132 ; *Cro. Car.* 329.

But after the escape, a bare assent to it would not operate to discharge the right of action already accrued. *Dyer* 275, *a note ;* 7 *Cowen* 274.

And so in relation to actions on prison bonds. 16 *Johns.* 181.

The evidence in this case being sufficient, there must be

*Judgment for the defendant.*