# SUPREME COURT.

## VIDRARD agt. FRADNEBURG.

*Execution against the person — Jail limits — permission of creditor to go beyond — what amounts to a discharge.*

If a creditor gives his debter permission to go off the jail limits or to go at large, the right to imprison is gone, and the debtor cannot be again taken in execution for the same debt.

Where proceedings for discharge of defendant, who was in custody, were pending before the Oneida county court, on the twenty-third of December, but were not completed, defendant's counsel told the court that as Monday following was Christmas, " it was too bad to keep defendant in custody till Tuesday." The judge appealed to plaintiff's counsel for magnanimity, and he replied: " If the debtor appears on Tuesday no suit will be brought against the sureties on the jail-limits bond, but I do not mean to, nor do I wish to, waive any of my legal rights." The defendant, under these circumstances, went off the limits and did not return, and a second execution was issued after the county court had refused his discharge:

*Held,* that the defendant never had the permission of the plaintiff to go at large, and therefore, in the absence of legal proceedings for his discharge, he was rightfully taken into custody and remains rightfully imprisoned.

*Herkimer Special Term.*

MOTION to set aside execution and imprisonment of defendant. There was a conflict in affidavits, and a referee has found "that no agreement was ever made discharging the defendant from execution." After the defendant was in custody he instituted proceedings for his discharge in the Oneida county court, and they were heard before judge JONES from day to day, and when Saturday, December twenty-third,

arrived they were not completed, and the defendant's counsel told the court that as Monday following was Christmas, it was "too bad" to keep defendant in custody till Tuesday. Thereupon the judge appealed to the plaintiff's counsel for magnanimity, and he replied: "If the debtor appears on Tuesday no suit will be brought against the sureties on the jail-limits bond, but I do not mean to, nor do I wish to, waive any of my legal rights." The defendant did, under these circumstances, go to Floyd, off the limits, and as he did not return to the limits, a second execution was issued, after the county court had refused his discharge. The defendant was taken and is now in custody of the sheriff of Oneida county.

*Sayles & Flint*, for motion.

*A. C. Coxe*, opposed.

HARDIN, *J.*—It is very well settled that if a creditor gives his debtor permission to go off the jail limits or to go at large, the right to imprison is gone, and the debtor cannot be again taken in execution for the same debt (2 *East*, 243 ; 5 *Johns.*, 364 ; 16 *id.*, 181 ; 7 *Cow.*, 274 ; 8 *id.*, 171 ; 9 *id.*, 128 ; 3 *Wend.*, 184). So, too, if the creditor consents to discharge one of several defendants all of the defendants are discharged and absolved from liability to arrest on the same judgment (44 *Barb.*, 347). The referee has found as a fact that no agreement was ever made discharging the defendant from execution. That finding must be accepted. But it is said by the learned counsel for the defendant that the legal effect of the statement made by the attorney for the creditor was to discharge the debtor. (1) The attorney had no power to discharge the debtor. (2) The attorney expressly stated he did not wish to and would not waive any of his legal rights. (3) It was not an agreement that the debtor might leave the limits, but if he did that no suit would be brought in the meantime by the attorney. The defendant's learned coun-

Vidrard agt. Fradneburg.

sel refers to *Yates* agt. *Van Rensselaer et al.* (5 *Johns.*, 364). In that case the court found there was an agreement amounting to a permission that the defendant might go at large. Here is no such permission in fact or in legal effect, and therefore that case is not authority for the position taken by the defendant. There was no voluntary discharge by the creditor, and therefore *Poucher* agt. *Halley* (3 *Wend.*, 184) does not apply. In *Wesson* agt. *Chamberlain* (3 *Comst.*, 333) judge HURLBURT said that in the absence of any consent on the part of the plaintiff in execution the debtor was not discharged. He says: " As regards the sheriff, the escape was voluntary and he was responsible for it, but the debt was not thereby discharged as against the judgment debtor, and the plaintiff had a right to issue a new execution and retake the defendant (1. *Salkeld*, 272).

In this case the defendant never had the permission of the plaintiff to go at large, and therefore, in the absence of legal proceedings for his discharge, he was rightfully taken into custody and remains rightfully imprisoned.

The motion to set aside the second execution and for the discharge of the defendant must be denied, with ten dollars costs, and the referee's fees will be disbursements.

So ordered.