JOSEPH B. RICHARDSON, EXECUTOR OF ESTHER T. BROWN-ING, v. JOHN P. RITTENHOUSE.

1. It is not necessary that there should be a manual touching of the body, or actual force used to constitute an arrest in a civil action; it is sufficient if the party be within the power of the officer and submits to the arrest.

2. It is an escape if the sheriff, after arrest on execution, permits the defendant to remain at home, on the promise to go the same day, with his surety, to the sheriff's office to give bail for his appearance.

3. If the defendant, after escape, surrenders himself to the sheriff, the plaintiff has his election, either to bring his action against the sheriff for the escape, or to affirm the defendant in custody under his writ.

4. Where the defendant, being in actual custody of the sheriff, gives a bond and inventory under section two of the insolvent laws, and applies to the court for the benefit of said laws, if the plaintiff, *having knowledge of the escape*, appears in court as a creditor and opposes the debtor's discharge, and he is thereupon remanded and surrenders himself into the custody of the sheriff, the election is made, and the action for escape is waived.

An action of debt is brought against the defendant, John P. Rittenhouse, late sheriff of the county of Hunterdon, for the voluntary escape of one John Lawyer, taken in execution on *ca. sa.* issued at the suit of the plaintiff's testatrix, Esther T. Browning.

John Ramsey, a special deputy of the sheriff, went to the house of Lawyer, September 16th, 1874, with the *ca. sa.*; told him he had a warrant for him to take him to Flemington; at whose suit the writ was issued. When he asked what was to be done, the deputy said you will have to give bail, or go to jail. Lawyer acquiesced, and undertook to give bail. He went, with the consent of and in company with the officer, to a neighbor's dwelling and returned with him to his own house.

By arrangement, the deputy went to Flemington, and in about an hour afterwards, Lawyer and his surety arrived. Several witnesses testified that a bond was then given and inventory made and delivered to the sheriff, according to "An act for the relief of persons imprisoned on civil process." It was also said that this bond and inventory were lost, and September 28th, 1874, another bond and inventory were made and delivered to the sheriff; the bond being given to the sheriff instead of the plaintiff, and to Esther F. Browning instead of Esther T. Browning.

December 1st, 1874, Lawyer presented a petition to the Court of Common Pleas of Hunterdon county, for the benefit of the insolvent laws. The plaintiff, by her attorney, opposed his discharge. The court refused the discharge, because it appeared that the bond was given to John P. Rittenhouse, and not to the plaintiff; and because the bond was made to Esther F. Browning, and not Esther T. Browning. Being refused a discharge, Lawyer forthwith surrendered himself to Wesley Bellis, then sheriff of the county of Hunterdon, and being in confinement, he made and delivered to the sheriff a bond and inventory, in due form ; presented his petition in April Term, 1875, for the benefit of the insolvent laws, which was not opposed by his creditors, and on June 14th,

1875, he was discharged, after he had made an assignment for the benéfit of his creditors.

Upon proof of these facts the Circuit Court directed the jury to find a verdict for the plaintiff for $2240.38, the amount of the judgment of Esther T. Browning against Lawyer, with interest and costs.

A rule to show cause why a new trial should not be granted was allowed to settle the questions of law at bar.

Argued at February Term, 1878, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and SCUDDER.

For the plaintiff, *James S. Aitkin* and *B. Gummere.*

For the defendant, *G. A. Allen* and *J. R. Emery.*

The opinion of the court was deliverd by

SCUDDER, J.    The declaration, in the usual form of debt for an escape on final process, charges that an arrest was made, and an escape permitted on September 16th, 1874.

The defendant pleaded—First, *nil debet;* second, that the judgment and execution, and the escape in the two counts mentioned, are the same, and that the defendant in execution, John Lawyer, on September 28th, 1874, when in custody, made out and delivered to the defendant (the sheriff) an inventory, and bond to the plaintiff in execution, in statutory form; that the defendant discharged Lawyer, and duly returned the writ, with the bond and inventory, November 3d, 1874, and delivered the bond to the plaintiff, who received and accepted the same without objection, and avers that the defendant was thereby exonerated from any liability for escape.

The third plea avers that the judgment and execution and escape in both counts of the declaration are the same, and that Lawyer, while in the defendant's custody on said execution, made a bond and inventory, as required by statute, excepting the mistake in plaintiff's name, where " F " was written

for " T " ; that the defendant thereupon discharged said John Lawyer, this being the same escape whereof the defendant had complained ; that the bond was delivered and accepted by the plaintiff; the petition for discharge, the refusal and the opposition of the plaintiff; Esther T. Browning, with full knowledge of all the facts, remanding to the custody of the sheriff; the surrender and subsequent discharge, June 14th, 1875.

The plaintiff, Esther T. Browning, having died, her executor, Joseph B. Richardson, proceeded with the suit, and filed a replication.

*First.* Issue is joined on the plea of *nil debet.*

*Second.* Denies that the defendant, as in the second plea is alleged, received from John Lawyer a bond and inventory before the escape, and avers that the defendant permitted the defendant to escape without the making and delivery of the inventory and bond.

*Third.* As to the third plea, the plaintiff replies that the escape complained of in the declaration was a prior and different escape from the discharge pleaded by the defendant, to wit, on September 16th, 1874, without consent of plaintiff, and without bond and inventory. This replication concludes to the country.

*Fourth.* For a further answer to the third plea, the plaintiff says that Esther T. Browning did not accept the bond, as in the plea is alleged, and did not appear before the Court of Common Pleas and oppose the discharge of John Lawyer, with full knowledge of all the facts and circumstances attending upon the arrest and discharge of said Lawyer, and concludes to the country.

The cause was tried before the jury on the issues joined by these pleadings. The second replication to the second plea raises only the question whether, prior to the discharge of the defendant in execution in that plea justified, to wit, on September 28th, 1874, the sheriff, defendant in this suit, received a bond and inventory, as therein alleged.

The proof at the time was abundant that the sheriff did, at that time, and prior to that discharge, take such bond and

inventory. Upon the narrow issue presented by this reply, the defendant was clearly sustained by the evidence.

The third replication is a new assignment, and sets out a prior and different escape, to wit, on the 16th day of September, 1874. It concludes erroneously to the country, and not with a verification, and no issue has been taken upon it.

The new assignment is, however, an admission on the record of the truth of the defendant's special plea, and of the facts therein pleaded, so far as they are applicable to the escape therein justified. *Davidson* v. *Schenck*, 2 *Vroom* 174; *Stults* ads. *Buckelew*, 4 *Dutcher* 152.

These are material facts in this case, for they are, that after the escape relied on in the new assignment, on September 16th, 1874, to wit, on September 28th, 1874, the sheriff had Lawyer in custody under the writ of execution; that he made out and delivered a bond and inventory; was discharged; that the bond was delivered to the plaintiff, who received and accepted the same without objection; and that the plaintiff, Esther T. Browning, with full knowledge of all the facts and circumstances, appeared before the court as a creditor, opposing his discharge as an insolvent debtor, and succeeded in having him remanded to the actual custody of the sheriff, whence he was subsequently discharged by law.

If all this be true, then there has been a waiver of the prior escape alleged in the new assignment. It appears in the pleadings that there was but one judgment, and one writ of execution, from which the escape could be made.

But it is not necessary to decide this case by technical rules of pleading and implied admissions of the plaintiff. The facts disclose a full defence to this action. It is true that there was an arrest of Lawyer, made by the deputy, Ramsey, on September 16th, 1874. The deputy was acting under special authority from the defendant, and could make the arrest. He did make it when in the presence of Lawyer, the defendant. He told him he had a warrant to take him; that he must give bail or go to jail; and then Lawyer submitted to his authority by producing one who, at his request, offered

to become his surety. It is not necessary that there should be a manual touching of the body, or actual force used to constitute an arrest; it is sufficient if the party be within the power of the officer, and submits to the arrest. *Gold* ads. *Bissell*, 1 *Wend.* 210; *Emery* v. *Chisley*, 18 *N. Hamp.* 198.

It was certainly an escape when the officer left him at his house, to follow him or not as he might choose. The surety who was to remain with him had no authority to hold him, and went with him to Flemington as his friend, and not as his custodian. This officer held a final process against the defendant, and any liberty allowed which involved the slightest risk of losing control of the body of the defendant, and certainly leaving the defendant to follow at his pleasure, was a voluntary escape, for which the sheriff would be responsible.

Buller, J., says, in *Plank* v. *Anderson*, 5 *T. R.* 41, "there is a difference between cases where a party is in custody in execution, and on mesne process. In the former, a creditor has a right to the body of his debtor every hour until the debt is paid, and, if the prisoner escape, may bring an action of debt upon the statute against the sheriff, in which he *may* (without considering how far he *must*) recover the whole debt." So where a defendant, after arrest on *ca. sa.*, was allowed by the sheriff's officer to go to his own house, and ride about, attended by a follower of such officer, it was held to be an escape. *Benton* v. *Sutton*, 1 *B. & P.* 24; *Hawkins* v. *Plomer*, 2 *W. Bla.* 1048; *Crocker on Sheriff*, § 566.

In *Wool* v. *Turner*, 10 *Johns.* 420, it was held that a sheriff's deputy might allow a defendant in execution a reasonable indulgence, from laudable and compassionate motives, and there would be no escape. But there is little sentimentalism in the law relating to debtors in execution, and the rule is very stringent that the sheriff shall take the defendant, and him safely keep, so that he may have him ready to satisfy the plaintiff. In arrests upon mesne process, the officer discharges his duty if he brings in the body of the defendant on the day of the return. The sheriff in this case had no authority to re-take the defendant, Lawyer, for after he had permitted a

voluntary escape no re-arrest could be made. *Atkinson* v. *Matteson*, 2 *T. R.* 172; *Lewis* v. *Morland*, 2 *B. & Ald.* 56.

When, therefore, Lawyer came with his surety to the office of the sheriff, at Flemington, September 16th or September 28th, or on both days, as the defendant in this case by his witnesses proves, there was no authority to hold him on the execution, unless the plaintiff elected to consider him in custody under the writ. He was, however, in the actual custody of the sheriff, by his voluntary submission, awaiting the choice of the plaintiff to bring his action against the sheriff for the escape, or to affirm the defendant in custody under his writ. *Lansing* v. *Fleet*, 2 *Johns. Cases* 3; *Thompson* v. *Lockwood*, 15 *Johns.* 256; *Littlefield* ads. *Brown*, 1 *Wend.* 398; *S. C.*, 7 *Wend.* 454; *S. C.*, 11 *Wend.* 467.

Before the plaintiff had, by any act, shown his election to hold Lawyer on the old process, a bond and inventory were given under section two of the insolvent laws, (*Rev.*, *p.* 497,) which authorizes any person, who may be arrested, or held in custody by any sheriff, in any civil action or process of execution, &c., to give such bond and inventory to obtain a discharge from such arrest or custody.

It is made the duty of the court, under section ten, at the time of hearing the debtor's petition for discharge, to examine him concerning his confinement, whether his imprisonment was compulsory or voluntary; and if it shall appear that it was not compulsory, it shall be the duty of the court to stay all further proceedings in the case. *Bond* v. *Cox*, 1 *Vroom* 381.

The court, in this case, made no such inquiry, but the plaintiff appeared and opposed the discharge of the defendant, on the ground that the bond was informal, because given to the plaintiff by the name of Esther F. Browning; and the court thereupon refused Lawyer the benefit of the insolvent laws, and denied the discharge applied for. This was the result of the act of the plaintiff, and the debtor surrendered himself, in consequence of this order, to the then sheriff of the county

of Hunterdon, who confined him in the jail of the county. *Race* v. *Bird*, 4 *Zab.* 37 ; *Woodruff* v. *Barrett*, 3 *Green* 40.

If the action of the Court of Common Pleas was null, because without jurisdiction or authority, when the confinement was voluntary, or the custody illegal, yet the action of the plaintiff in opposing the debtor's discharge affirmed him in custody at his suit; and, if so, the escape was purged. The defendant was in custody by his voluntary submission, and by the concurrent act of the plaintiff it was made compulsory, so that he could not go at large. He made his election to hold him under the old process. He might take out a new process, or hold him on the former execution.

*Dash* v. *Van Kleeck*, 7 *Johns.* 477, was a case where, after an escape, an application was made by the debtor for the benefit of the insolvent laws, and the plaintiff, not knowing there had been an escape without the prison limits, opposed the application, in consequence of which the prisoner remained in custody, and it was held that this was not a waiver of the escape. But Kent, J., says (page 500): "He undoubtedly might, with knowledge of the escape, have waived his remedy against the defendant, and have elected to affirm his debtor in custody under the succeeding sheriff; but without such knowledge, the law will not infer any determination of the party, prejudicial to his rights."

In this case, it was proved that the plaintiff did know the facts of the escape when the debtor's application was opposed and the discharge refused. This appears in the testimony of his attorney.

It was argued, on the authority of *Sweet* v. *Palmer*, 16 *Johns.* 181, and *Powers* v. *Wilson*, 7 *Cow.* 274, that the consent or agreement of the plaintiff to an escape after it has happened, without consideration, will not discharge the sheriff. These cases and others follow the leading one of *Scott* v. *Peacock*, 1 *Salk.* 271. That ruling is undoubtedly correct so long as the debtor is at large, but if the plaintiff re-take him under new process, or affirm him in custody under the old process, this is not a consent to his enlargement and a release of the

judgment, but an election to hold him. The plaintiff cannot re-take the debtor and have his remedy against the sheriff for the escape. He may have either remedy, but not both.

*McElroy* v. *Mancius*, 13 *Johns.* 121, was an action of debt against a sheriff for the escape of a defendant in execution. The court held that this was an election to consider the defendant out of custody, and that the plaintiff could not afterwards oppose his discharge as an insolvent debtor. The converse of this position is equally true, that if the plaintiff has opposed the discharge of the debtor, he has elected to consider him in custody, and cannot afterwards sue the sheriff for an escape.

The rule to set aside the verdict and for a new trial, should be made absolute.