cient authority to the defendant to collect all taxes charged against the plaintiff or his property on the assessment roll,—hence, not only the amount of the general tax stated in the fifth column of the roll, but also the highway tax charged against the plaintiff in the sixth.

We reach the conclusion that the assessment roll and warrant were sufficient to authorize the defendant to seize and sell the plaintiff's property. The process under which the former acted, being regular on its face, fully protected him. Johnson v. Learn, supra; Patchin v. Ritter, 27 Barb. 34; Savacool v. Boughton, 5 Wend. 170; Chegaray v. Jenkins, 5 N. Y. 376.

The judgment should be reversed, the referee discharged, and a new trial granted; costs to abide the event. All concur, except PARKER, P. J., dissenting.

---

(42 App. Div. 313.)

### HOYLE v. MURRAY et al.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

EXECUTION—IMPRISONMENT—DISCHARGE—SATISFACTION OF JUDGMENT.
    The temporary release of a debtor from imprisonment for the purpose of visiting his wife, upon the representation that she is ill, will not operate as a satisfaction of the judgment upon which execution was issued against him, as Code Civ. Proc. §§ 2200–2218, provide for the discharge of imprisoned judgment debtors upon their own application, and expressly preserve all remedies of the creditor against the property of the debtor after the latter's discharge.

Appeal from special term, Montgomery county.

Action by Henry Hoyle against Fletcher Murray and Robert McCrea. Judgment for plaintiff. Motion by Robert McCrea for the satisfaction of the judgment, upon which execution had issued against his person, and under which execution defendant had been imprisoned, and temporarily discharged. There was an order denying the motion (55 N. Y. Supp. 49), and defendants appeal. Affirmed.

The defendants were arrested upon such execution, on or about the 24th day of June, 1898, and held in custody until on or about October 13, 1898. Upon the request of the defendant McCrea, with the statement that his wife was very sick, that he desired to see her, and return to the jail limits the same day, the plaintiff in the execution consented to his visiting his wife, upon the condition that he return upon the same day. The defendant never returned to the jail limits, and insists that such permission by the plaintiff was not only a discharge from imprisonment, but also operated to satisfy the judgment.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

Royal Corbin (J. P. Kellas, of counsel), for appellants.
W. H. Dunn (H. L. Huston, of counsel), for respondent.

HERRICK, J. In the case of Sweet v. Palmer, 16 Johns. 181, where the defendant in execution attempted to avail himself of a somewhat similar permission to the one in this case, the court said: "The evidence clearly shows fraud and a trick upon the part of the defendants, and we rejoice that the rules of law are such as to prevent the success of their cunning." And again: "If the debtor pro-

cured the license by collusion and preconcerted fraud, it would be affrontful to justice to tolerate such a defense." In this case the defendant appealed to the humanity of the plaintiff to grant him a temporary release from the jail limits to enable him to visit his wife, who was represented to be very sick, and desirous of seeing him. What was granted was not a general permission, as in most of the cases that have been cited by the appellant, to go at.large. There is nothing to indicate that the plaintiff intended to release the defendant from imprisonment. On the contrary, it shows an intention of insisting upon it, because consent was given upon condition that he return. The defendant, having received permission to go at large under the circumstances that he did, should not be permitted to assert his release from imprisonment, under such circumstances, as a satisfaction of the judgment against him. Good faith demands that he be estopped. In the language of the court in the case of Sweet v. Palmer, supra: "It would be affrontful to justice to tolerate such a" claim. Moreover, whatever the law may formerly have been, the imprisonment of a person upon execution of civil action no longer constitutes a satisfaction of the judgment, except during the continuance of the imprisonment. Code Civ. Proc. § 1491; Koenig v. Steckel, 58 N. Y. 475; Flack v. State, 95 N. Y. 461. It is now expressly provided by statute that the mere imprisonment upon execution, and the debtor's discharge therefrom, shall not discharge or satisfy the judgment. Sections 2200 to 2218, inclusive, of the Code of Civil Procedure, provide for the discharge of imprisoned judgment debtors upon their own application; and section 2213 expressly preserves all remedies of the creditor against the property of the debtor after his discharge from imprisonment. The statute also provides for the discharge from imprisonment of an imprisoned debtor by the judgment creditor without discharging or satisfying the judgment. By section 1494 of the Code, the judgment creditor may, after the debtor has been in custody by virtue of an execution against his person for the space of 30 days, by a written notice to the sheriff, require him to discharge the imprisoned debtor from custody; and, while he cannot thereafter seize the person of such debtor upon another body execution, it is provided that he may otherwise enforce such judgment as if the execution from which he was discharged had been returned without his having been taken. In this case the defendant had been in custody for much more than 30 days, and the plaintiff could have given directions to the sheriff for his absolute discharge, and still retained his judgment; so that, whatever view we take of this case, the judgment against the defendant has not been satisfied or discharged by the plaintiff's action, and therefore the defendant's motion was properly denied by the special term. The order appealed from should be affirmed. All concur.